OPINION
{¶ 1} Defendant-appellant Bruce Taylor appeals the March 17, 2004 Judgment Entry of the Delaware County Court of Common Pleas, granting summary judgment in favor of plaintiff-appellee Provident Bank.
 STATEMENT OF FACTS AND CASE {¶ 2} Appellee Provident Bank is the holder of a promissory note signed by appellant, Bruce Taylor, which note is secured by a mortgage on property located at 9240 Robin Hood Circle, Westerville, Ohio. Taylor obtained the mortgage with National Future Mortgage, Inc., and subsequently defaulted on the note.
 {¶ 3} On July 25, 2003, Provident Bank filed the instant action for foreclosure seeking judgment against Taylor in the sum of $294,161.04, plus interest, in accordance with the terms of the note. Taylor filed an answer on November 14, 2003. On December 12, 2003, Provident Bank filed a motion for summary judgment with an affidavit in support thereof. On March 2, 2004, Taylor filed a memorandum contra to the motion for summary judgment. On March 17, 2004, the trial court granted the motion for summary judgment via Judgment Entry. On March 22, 2004, Provident Bank filed a reply in support of its motion.
 {¶ 4} In the March 17, 2004 Judgment Entry the trial court states:
 {¶ 5} "At the outset, it appears that Defendants failed to file and serve a Memorandum Contra prior to the date set by this Court for doing so. Moreover, Defendants failed to obtain this Court's consent to an extension of time to respond to the instant Motion. Nevertheless, upon consideration of the evidence and the legal arguments presented by the parties, this Court finds that no genuine issues exist as to the material facts and, after construing the evidence in a light most favorable to the defendants, reasonable minds could only conclude that Plaintiff is entitled to judgment as a matter of law." (Emphasis in original.)
 {¶ 6} As indicated in the trial court's entry, the trial court considered Provident Bank's motion for summary judgment and Taylor's memorandum contra thereto in ruling on the motion. However, Provident Bank's reply was not considered by the trial court.
 {¶ 7} On March 29, 2004, Taylor filed a motion for reconsideration, which the trial court denied on April 1, 2004.
 {¶ 8} Appellant now appeals, assigning as error:
 {¶ 9} "I. The trial court erred to the prejudice of defendant-appellant bruce taylor by ruling that no genuine issue of material fact exists with respect to plaintiff-appellee's compliance with department of housing and urban development regulations governing federally insured mortgage loans and sustaining plaintiff-appellee's motion for summary judgment.
 {¶ 10} "II. Plaintiff-appellee failed to sustain its burden of proof in regards to its compliance with the department of housing and urban development regulations governing federally insured mortgage loans as well as to its claim that it is the assignee of National Future Mortgage, Inc.
 I {¶ 11} Appellant cites the bottom of the first page of his mortgage note, which includes the language: "Fannie Mae Uniform Instruments Form 3520 6-94" and "FNMA/FHLMC Uniform Instrument." Based upon the inclusion of this language, appellant argues the loan is federally insured; therefore, appellant must comply with the Department of Housing and Urban Development regulations governing federally insured mortgage loans.
 {¶ 12} Initially, we note appellant Taylor asserts Provident Bank's noncompliance with the federal regulations is an equitable defense to the foreclosure action. However, upon review, appellant raised the issue for the first time in his memorandum contra the motion for summary judgment, not within his answer to the complaint. We believe appellant's assertion of noncompliance by Provident Bank is an affirmative defense and is waived because he did not raise it in his answer. Notwithstanding, we will also address appellant's argument on the merits.
 {¶ 13} Appellant Taylor contends federal regulations pertaining to federally insured mortgages require Provident to conduct a face-to-face interview prior to foreclosure or to establish a reasonable effort was made to arrange the same. Therefore, as Provident did not establish either of the above, genuine issues of material fact remained and the trial court erred in granting summary judgment.
 {¶ 14} Apart from the inclusion of the acronyms on the bottom of the first page of the mortgage, appellant offers no other evidentiary support establishing the loan was federally insured. We find the acronyms insufficient and find Taylor failed to raise by affidavit or otherwise a genuine issue of material fact as to whether the loan was federally insured. The trial court did not err in granting summary judgment in Provident Bank's favor.
 {¶ 15} Appellant's first assignment of error is overruled.
 II {¶ 16} In his second assignment of error, appellant Taylor maintains Provident failed to provide evidence it was the proper party to bring the foreclosure action; therefore, it did not have standing.
 {¶ 17} Upon review, Provident Bank's affidavit in support of its summary judgment motion states Provident is the holder of the note. Appellant Taylor did not expressly contradict the evidence in his memorandum contra or his affidavit; therefore, appellant's second assignment of error is overruled.
 {¶ 18} The March 17, 2004 Judgment Entry of the Delaware County Court of Common Pleas is affirmed.
By: Hoffman, J. Boggins, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant.