U.S. BANK, N.A., Appellee,

v.

DETWEILER et al., Appellants.

[Cite as *U.S. Bank, N.A. v. Detweiler*, 191 Ohio App.3d 464, 2010-Ohio-6408.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 2010CA00064.

Decided Dec. 13, 2010.

Kimberlee S. Rohr, for appellee.

Carla R. Bulford, for appellants.

---

DELANEY, Judge.

{¶ 1} Defendants-appellants, Benjamin R. and Mary Detweiler, appeal the February 23, 2010 judgment entry granting summary judgment in favor of plaintiff-appellee, U.S. Bank, N.A., in this foreclosure action.

## STATEMENT OF THE FACTS AND CASE

{¶ 2} On October 22, 1998, appellants executed a note in the amount of $78,100 with Residential Bancorp. On that same day, appellants also granted Residential Bancorp a mortgage in the amount of $78,100 for the property located at 14836 Ravenna Ave. N.E., Hartville, Ohio. The mortgage identifies the loan as a

federally insured loan that is subject to regulations of the United States Department of Housing and Urban Development ("HUD").

{¶ 3} On October 23, 1998, Residential Bancorp assigned the note and mortgage to the Leader Mortgage Company. Appellee's complaint states that it is the successor by merger to the Leader Mortgage Company.

{¶ 4} In 2005, appellants filed a petition for Chapter 7 bankruptcy with the United States Bankruptcy Court, Northern District of Ohio. By virtue of the bankruptcy, appellants are immune from personal liability on the note.

{¶ 5} On September 11, 2009, appellee notified appellants by letter of the default of the note and breach of the mortgage securing the note. The letter stated that in order to cure the default and breach, appellants were to pay the required funds within 30 days of the date of the letter. If the funds were not received within 30 days to bring the account current, appellee stated that it would accelerate the sums due under the note and the terms of the mortgage.

{¶ 6} Appellee filed its complaint in foreclosure against appellants on October 21, 2009. Appellee stated in the complaint that it was the holder of the note but that a copy of the note was unavailable at that time. Appellee filed a notice of filing of the note on November 3, 2009.

{¶ 7} Appellants filed a pro se answer on December 23, 2009. In their answer, appellants alleged that appellee was not the real party in interest and it lacked standing to file the suit. Appellants also argued that appellee had failed to satisfy certain conditions precedent prior to filing its complaint in foreclosure.

{¶ 8} Appellee filed a motion for summary judgment on January 29, 2010. The trial court issued an assignment notice on February 1, 2010, stating that appellants' response to the motion for summary judgment was due on February 16, 2010. The trial court was to hold its nonoral hearing on the motion for summary judgment on February 17, 2010.

{¶ 9} Appellants did not file a response to the motion for summary judgment by February 16, 2010. On February 23, 2010, the trial court granted appellee's motion for summary judgment.

{¶ 10} Appellants filed a Civ.R. 60(B) motion to vacate the February 23, 2010 judgment entry on March 8, 2010. The trial court stayed the matter when appellants filed their notice of appeal on March 25, 2010.

## ASSIGNMENTS OF ERROR

{¶ 11} Appellants raise two assignments of error:

{¶ 12} "I. The trial court erred by granting summary judgment where plaintiff-appellee failed to produce Civ.R. 56 material evidencing the alleged

merger transferring an interest in the subject note and mortgage to plaintiff-appellee, failed to attached the note to the complaint, and where the alleged note attached to plaintiff-appellee's motion for summary judgment differs from the copy of the alleged note filed subsequent to the complaint.

{¶ 13} "II. The trial court erred by granting summary judgment against defendant-appellant, an FHA-insured mortgagor, where plaintiff-appellee failed to plead or otherwise provide Civ.R. 56 evidence of compliance with regulatory and contractual preconditions to foreclosure."

## STANDARD OF REVIEW

{¶ 14} We will first address the standard of review applicable to appellants' assignments of error. This matter comes before us upon the trial court's granting of summary judgment in favor of appellee. Summary-judgment motions are to be resolved in light of the dictates of Civ.R. 56. This rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 448, 663 N.E.2d 639:

{¶ 15} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274."

{¶ 16} The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 294, 662 N.E.2d 264. Once the movant supports the motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). "If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." Id.

{¶ 17} As an appellate court reviewing summary-judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 30 OBR 78, 506 N.E.2d 212.

I

{¶ 18} Appellants argue in their first assignment of error that appellee failed to establish that reasonable minds could only conclude that it was the holder and owner of the note and mortgage. We disagree.

{¶ 19} On January 29, 2010, appellee filed its complaint in foreclosure stating that it was the successor by merger to the Leader Mortgage Company. In count 1 of the complaint, appellee alleged that it was the holder of a note secured by a mortgage on the property in question. Appellee stated that at the time it filed the complaint, a copy of the note was unavailable. On November 3, 2009, appellee filed a copy of the note with the trial court.

{¶ 20} Appellants filed their answer on December 23, 2009, stating that appellee lacked standing to file suit and was not the real party in interest. Appellants also contended that appellee failed to attach a note evidencing the underlying obligation.

{¶ 21} On January 29, 2010, appellee filed its motion for summary judgment. Appellee presented the affidavit of Kim Stewart in support of its motion for summary judgment. The affidavit stated:

{¶ 22} "1. Affiant's position is Assistant Vice President of U.S. Bank, N.A. successor by merger to The Leader Mortgage Company. In such job position affiant has the custody of the accounts of said company, including the account of Benjamin R. Detweiler, defendant herein. Affiant states that the records of the accounts of said company are compiled at or near the time of occurrence by persons with knowledge of such events, that said records are kept in the course of its regularly conducted business activity, and that it is the regular practice to keep such records related to the business activity.

{¶ 23} "2. Plaintiff is the holder of the note and mortgage which are the subject of the within foreclosure action. True and accurate reproductions of the originals as they exist in Plaintiff's files are attached hereto as Exhibits 'A' [Note] and 'B' [Mortgage].

{¶ 24} "3. A copy of the Assignment, which accounts for documented evidence that the Plaintiff is the holder of the note and mortgage which are the subject of the within foreclosure action, is attached hereto as Exhibit 'C'."

{¶ 25} Appellants did not respond to the summary-judgment motion. The trial court granted summary judgment, finding that appellee had established that there was no genuine issue of material fact that it was the holder and owner of the note and mortgage and was the real party in interest.

{¶ 26} Appellants argue on appeal that appellee failed to establish that it was the holder and owner of the note and mortgage because discrepancies existed

between the copies of the note filed in the case and appellee failed to provide sufficient evidence to show that it was the successor by merger to the Leader Mortgage Company.

{¶ 27} The holders of rights or interest in property are necessary parties to a foreclosure action. *Deutsche Bank Natl. Trust Co. v. Pagani*, Knox App. No. 09CA000013, 2009-Ohio-5665, 2009 WL 3440028, ¶ 21, citing *Wells Fargo Bank v. Jordan*, Cuyahoga App. No. 91675, 2009-Ohio-1092, 2009 WL 625560. In *Deutsche Bank*, this court examined the issue of whether a mortgagee who had not assigned the note and mortgage when it filed the complaint in foreclosure was in fact the holder and owner of the note and mortgage at the time of summary judgment. In that case, we relied upon our previous holdings in *Provident Bank v. Taylor*, Delaware App. No. 04CAE05042, 2005-Ohio-2573, 2005 WL 1227900, and *LaSalle Bank Natl. Assn. v. Street*, Licking App. No. 08CA60, 2009-Ohio-1855, 2009 WL 1040300, to find that the mortgager failed to provide Civ.R. 56 evidence to create a genuine issue of material fact that the mortgagee was not the holder and owner of the mortgage. Id. at ¶ 19.

{¶ 28} We find the holdings in *Deutsche Bank, Provident Bank,* and *LaSalle Bank* to be applicable to the facts of the present case. Appellants argue on appeal that there are differences between the notes filed in the case that create a genuine issue of material fact whether the copies of the note are the original note. The differences in the notes are due to the redaction methods used by appellee to mark out the loan number on the note. Appellant Benjamin Detweiler's signature is on both copies of the note, and he has not stated in his arguments that it is not his signature on the note. We find that there is sufficient information supported by Civ.R. 56 evidentiary materials to show that appellee is in possession of the note and is therefore holder of the note and mortgage. As stated above, once the movant supports its motion with appropriate evidentiary materials, the nonmoving party may not rest upon the mere allegations or denials of its pleadings. The parties' response must set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E). In this case, there was no such response.

{¶ 29} We find the same analysis to be applicable to appellants' argument on appeal that appellee has not demonstrated that it was properly assigned the note and mortgage from the Leader Mortgage Company. The note and mortgage in the present case was initiated by Residential Bancorp. On October 23, 1998, Residential Bancorp assigned the note and mortgage to the Leader Mortgage Company. Appellee states that it, as U.S. Bank, N.A., is the successor by merger to the Leader Mortgage Company and is therefore the holder and owner of the note and mortgage assigned to the Leader Mortgage Company.

{¶ 30} Appellants argue that in order for appellee to show that there is no genuine issue of material fact that it is the holder and owner of the note and mortgage through its merger with the Leader Mortgage Company, appellee was required to provide evidentiary material in the form of a "certificate of merger" with its motion for summary judgment. Appellants state that a certificate of merger, issued by the United States Comptroller of the Currency, is evidence that U.S. Bank, N.A., and the Leader Mortgage Company have merged and the transfer of all interests and liabilities, including the present note and mortgage, has occurred.

{¶ 31} Appellants provide no case law to support its contention that a certificate of merger, along with evidence of an assignment, is necessary to show that a mortgagee is the holder of a note and mortgage. Regardless, we find that appellee provided sufficient affidavit evidence in support of its motion for summary judgment to show that U.S. Bank, N.A., is the successor by merger with the Leader Mortgage Company and is the holder and owner of appellants' note and mortgage. Appellants have not provided any Civ.R. 56 evidence to demonstrate that appellee is not the owner of the note and mortgage by virtue of the merger with the Leader Mortgage Company.

{¶ 32} We find appellants' first assignment of error to be not well taken.

## II

{¶ 33} Appellants argue in their second assignment of error that appellee failed to establish that there was no genuine issue of material fact that it performed the requisite conditions precedent before appellee filed its complaint in foreclosure against appellants. We agree.

{¶ 34} The note at issue provides:

{¶ 35} "(B) Default

{¶ 36} "If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the cause of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, 'Secretary' means the Secretary of Housing and Urban Development or his or her designee."

{¶ 37} The mortgage contains similar language as to default and grounds for acceleration of the debt.

{¶ 38} Appellants asserted in their answer that appellee failed to comply with HUD regulations before initiating foreclosure proceedings on the property. As stated in the facts, the mortgage loan that is the subject of this cause of action is federally insured and is subject to HUD regulations. The regulations applicable to federally insured mortgages are found in Part 203, Title 24, C.F.R. for single-family mortgage insurance.

{¶ 39} Section 203.606(a), Title 24, C.F.R. states, "[B]efore initiating foreclosure, the mortgagee must ensure that all servicing requirements of this subpart have been met. The mortgagee may not commence foreclosure for a monetary default unless at least three full monthly installments due under the mortgage are unpaid after application of any partial payments that may have been accepted but not yet applied to the mortgage account. In addition, prior to initiating any action required by law to foreclose the mortgage, the mortgagee shall notify the mortgagor in a format prescribed by the Secretary that the mortgagor is in default and the mortgagee intends to foreclose unless the mortgagor cures the default."

{¶ 40} Pursuant to the HUD regulations, if the account in is default, the mortgagee is required to give notice to the mortgagor according to these terms:

{¶ 41} "The mortgagee shall give notice to each mortgagor in default on a form supplied by the Secretary or, if the mortgagee wishes to use its own form, on a form approved by the Secretary, no later than the end of the second month of any delinquency in payments under the mortgage. If an account is reinstated and again becomes delinquent, the delinquency notice shall be sent to the mortgagor again, except that the mortgagee is not required to send a second delinquency notice to the same mortgagor more often than once each six months. The mortgagee may issue additional or more frequent notices of delinquency at its option." Section 203.602, Title 24, C.F.R.

{¶ 42} If the account is delinquent after the end of the second month, Section 203.604, Title 24, C.F.R. requires the following:

{¶ 43} "(b) The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid. If default occurs in a repayment plan arranged other than during a personal interview, the mortgagee must have a face-to-face meeting with the mortgagor, or make a reasonable attempt to arrange such a meeting within 30 days after such default and at least 30 days before foreclosure is commenced, or at least 30 days before assignment is requested if the mortgage is insured on Hawaiian home land pursuant to section 247 or Indian land pursuant to section 248 or if assignment is requested under § 203.350(d) for mortgages authorized by section 203(q) of the National Housing Act.

{¶ 44} "(c) A face-to-face meeting is not required if:

{¶ 45} "(1) The mortgagor does not reside in the mortgaged property,

{¶ 46} "(2) The mortgaged property is not within 200 miles of the mortgagee, its servicer, or a branch office of either,

{¶ 47} "(3) The mortgagor has clearly indicated that he will not cooperate in the interview,

{¶ 48} "(4) A repayment plan consistent with the mortgagor's circumstances is entered into to bring the mortgagor's account current thus making a meeting unnecessary, and payments thereunder are current, or

{¶ 49} "(5) A reasonable effort to arrange a meeting is unsuccessful.

{¶ 50} "(d) A reasonable effort to arrange a face-to-face meeting with the mortgagor shall consist at a minimum of one letter sent to the mortgagor certified by the Postal Service as having been dispatched. Such a reasonable effort to arrange a face-to-face meeting shall also include at least one trip to see the mortgagor at the mortgaged property, unless the mortgaged property is more than 200 miles from the mortgagee, its servicer, or a branch office of either, or it is known that the mortgagor is not residing in the mortgaged property."

{¶ 51} Appellee responded in its motion for summary judgment to appellants' claims that appellee failed to establish that it had met the conditions precedent to foreclosure. Appellee stated that appellants' arguments consisted of affirmative defenses and that appellants presented no evidence to support their arguments.

{¶ 52} It has been held that a term in a mortgage such as one requiring prior notice of a default or acceleration to the mortgagor is not an affirmative defense but rather a condition precedent. *LaSalle Bank v. Kelly,* Medina App. No. 09CA0067–M, 2010-Ohio-2668, 2010 WL 2347077, ¶ 13, citing *First Fin. Bank v. Doellman,* Butler App. No. CA2006–02–029, 2007-Ohio-222, 2007 WL 136746, ¶ 20. If a provision is a condition precedent, it is subject to the requirements of Civ.R. 9(C). Civ.R. 9(C) states, "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity."

{¶ 53} We find that the mortgage loan in this case is federally insured and that by the terms in the note and mortgage it is subject to HUD regulations in the case of default or acceleration. The HUD regulations, incorporated within the terms of the default or acceleration provisions, include those requirements found in Sections 203.602 and 203.604, Title 24, C.F.R., as stated above. Those requirements, therefore, are conditions precedent.

■ {¶ 54} The next issue is whether appellee sufficiently established under Civ.R. 56 that it complied with the requisite conditions precedent before initiating the foreclosure process against the property. We find that appellee has established only partial compliance with the stated HUD regulations through its Civ.R. 56(C) evidence.

{¶ 55} In support of its motion for summary judgment, appellee submitted its affidavit, stating, "Affiant states that the defendant was served with notice of their default and notice of the plaintiff's intent to accelerate by letter, attached hereto as Exhibit 'D.'" The letter, sent to appellant Benjamin R. Detweiler on September 11, 2009, states that it serves "as notice of the default of the Promissory Note and breach of the mortgage securing that Note." We find that this letter supports appellee's claim that it sufficiently complied with providing appellants with notice of the delinquency as required by Section 203.602, Title 24, C.F.R.

{¶ 56} However, appellee must also establish that it sufficiently complied with Section 203.604, Title 24, C.F.R. as a condition precedent to foreclosure. See *Washington Mut. Bank v. Mahaffey*, 154 Ohio App.3d 44, 2003-Ohio-4422, 796 N.E.2d 39 (Second District Court of Appeals found that mortgagee was not entitled to summary judgment when it failed to establish that it sufficiently complied with Section 203.604, Title 24, C.F.R.). Reviewing the motion for summary judgment in a light most favorable to the nonmoving party, we find that it is clear that appellee made no attempt to establish that it complied with the regulation that it have a face-to-face interview with the mortgagor, or made a reasonable effort to arrange the interview, before bringing the foreclosure action. Further, the September 11, 2009 letter cannot be used to demonstrate even minimal compliance with Section 203.604, Title 24, C.F.R., because subsection (d) of that rule prescribes a certified letter as the minimum requirement for a reasonable effort to arrange a face-to-face meeting. There is no evidence to show that the September 11, 2009 letter was sent to appellants by certified mail, and the letter does not contain any language purporting to arrange a face-to-face meeting. See *CitiMortgage, Inc. v. Ferguson*, Fairfield App. No. 2006CA00051, 2008-Ohio-556, 2008 WL 376380 (failure to provide documentary evidence that notice of default and acceleration was sent by certified mail as required by the terms of the mortgage prevented summary judgment in favor of mortgagee).

{¶ 57} Accordingly, we find that there is a genuine issue of material fact whether appellee complied with the conditions precedent prior to initiating the foreclosure proceedings. We find that although appellants failed to respond to the summary judgment, on this issue summary judgment is not appropriate pursuant to Civ.R. 56(E).

{¶ 58} We hereby sustain appellants' second assignment of error.

{¶ 59} The judgment of the Stark County Court of Common Pleas is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

EDWARDS, P.J., and HOFFMAN, J., concur.