[Cite as *Citimortgage, Inc. v. Kinney*, 2012-Ohio-2896.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CITIMORTGAGE, INC. SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC. | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
|     Plaintiff-Appellee | Case No. CT2011-0065 |
| -vs- | |
| KEVIN E. KINNEY, ET AL. | O P I N I O N |
|     Defendant-Appellants | |

CHARACTER OF PROCEEDING:      Appeal from the Muskingum County Court of Common Pleas, Case No. CE2010-0666

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT ENTRY:      June 25, 2012

APPEARANCES:

For Plaintiff-Appellee            For Defendant-Appellants

THOMAS L. HENDERSON
LERNER, SAMPSON & ROTHFUSS
120 East Fourth Street, 8th Floor
Cincinnati, Ohio 45202

MELISSA C. BENSON
Southeastern Ohio Legal Services
11 East Second Street
Chillicothe, Ohio 45601

*Hoffman, J.*

{¶1}   Defendants-appellants Kevin and Sandra Kinney appeal the November 15, 2011 Judgment Entry entered by the Muskingum County Court of Common Pleas granting summary judgment and issuing a decree in foreclosure in favor of Plaintiff-appellee CitiMortgage, Inc., successor in interest to ABN AMRO Mortgage Group, Inc.

## STATEMENT OF THE FACTS AND CASE

{¶2}   Appellants executed a promissory note dated March 21, 2003, payable to ABN AMRO Mortgage Group, Inc. in the amount of $132,289.00.   The same date Appellants executed and delivered a mortgage to ABN AMRO Mortgage Group, Inc. The mortgage encumbers real property commonly known as 1850 Jackson Road, Zanesville, Ohio 43701, and was filed for record on March 31, 2003.

{¶3}   Appellants later filed for Chapter 7 Bankruptcy protection, and received a discharge.   Accordingly, Appellants are immune from personal liability on the note. Appellants did not enter into a reaffirmation agreement with ABN AMRO or redeem the debt on the property pursuant to the United States Bankruptcy Code.

{¶4}   In 2007, ABN AMRO Mortgage Group, Inc. was acquired by and merged with CitiMortgage, Inc.   Thereafter, Appellants ceased making payments.   Appellants and Appellee executed a loan modification in March 2009; however, they later again ceased making payments.

{¶5}   On October 12, 2010, CitiMortgage filed a complaint for foreclosure. Appellants filed an answer in response.   On January 3, 2011, Appellants amended their answer, alleging CitiMortgage failed to comply with HUD regulations in the proceedings.

{¶6} On May 20, 2011, CitiMortgage moved for summary and default judgment. On June 2, 2011, Appellants filed an opposition to the motion and a cross-motion for summary judgment.

{¶7} On November 15, 2011, the trial court granted summary judgment and issued a decree in foreclosure in favor of CitiMortgage, Inc.

{¶8} Appellants now appeal, assigning as error:

{¶9} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO PLAINTIFF AND DENYING DEFENDANTS' SUMMARY JUDGMENT MOTION WHERE PLAINTIFF FAILED TO PROVE THAT IT COMPLIED WITH THE FHA SERVICING REQUIREMENTS, A CONDITION PRECEDENT TO FORECLOSURE."

{¶10} As cross-assignment of error, CitiMortgage assigns as error:

{¶11} "I. THE TRIAL COURT ACTED PROPERLY IN GRANTING SUMMARY JUDGMENT TO CITIMORTGAGE AND DENYING SUMMARY JUDGMENT TO THE KINNEYS BECAUSE THE KINNEYS' DISCHARGE, PURSUANT TO THE UNITED STATES BANKRUPTCY CODE, MATERIALLY ALTERED THE NOTE, ABSENT REAFFIRMATION OF THE DEBT."

{¶12} We will address the assignment of error and the cross-assignment of error together, as they raise common and interrelated arguments.

{¶13} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, this Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241.

**{¶14}** Civ.R. 56 provides summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 364 N.E.2d 267.

**{¶15}** It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1987), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265. The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293, 662 N.E.2d 264: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing

there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 309 N.E.2d 924.

{¶16} Appellants maintain the trial court erred in granting summary judgment in favor of CitiMortgage and issuing the decree in foreclosure as CitiMortgage did not conduct a face-to-face interview as required by 24 C.F.R. Section 203.604, and did not provide a notice of default which was timely and which spoke to an "assignment" of the loan to HUD.

{¶17} Appellee CitiMortgage argues the trial court properly granted summary judgment in their favor as Appellants Bankruptcy discharge pursuant to the U.S. Bankruptcy Code materially altered the note, absent a reaffirmation of the debt. Thus, Appellee argues Appellants effectively waived their rights to HUD requirements. We find the argument raised in Appellee's cross-assignment of error regarding waiver as a result of Appellants' bankruptcy discharge and failure to redeem was not raised in the trial court. As such we find it cannot be raised on appeal. Accordingly, Appellee's cross-assignment of error is overruled.

{¶18} Pursuant to our previous opinion in *U.S. Bank, N.A. v. Detweiler,* Stark App. No. 2011CA00095, 2012-Ohio-73, we find at a minimum there remains a disputed fact as to whether CitiMortgage failed to comply with the HUD requirements herein.

{¶19} In *Detweiler,* this Court held,

**{¶20}** "Appellants assert the trial court erred in granting summary judgment in favor of U.S. Bank as U.S. Bank failed to produce evidence it complied with conditions precedent prior to initiating the within foreclosure proceedings.

**{¶21}** "Appellants' loan at issue was a FHA insured loan; thus, subject to the requirements of 24 C.F.R. 203.604, including a face-to-face interview as a condition precedent to foreclosure. On remand from the first appeal, U.S. Bank argued it did not have to satisfy the face-to-face interview requirement of 24 C.F.R. 203.604 as Appellants were in bankruptcy. As set forth in the Statement of the Facts and Case supra, this Court previously reversed the decision of the trial court and remanded the matter for further proceedings to determine whether U.S. Bank complied with certain conditions precedent to foreclosure. *U.S. Bank, N.A. v. Detweiler,* 191 Ohio App.3d 464, 946 N.E.2d 777, 2010–Ohio–6408. This Court held U.S. Bank must first establish it complied with 24 C.F.R. 203.604 by having a face-to-face interview with Appellants, or by making a reasonable attempt to arrange a face-to-face interview before bringing the foreclosure action. *Id.* This Court held sending a certified letter is 'the minimum requirement for a reasonable effort to arrange a face-to-face meeting.' *Id.*"

**{¶22}** Applying *Detweiler*, the judgment of the Muskingum County Court of Common Pleas is reversed and the matter is remanded to the trial court for further

proceedings in accordance with the law and this Opinion.

By: Hoffman, J.

Gwin, P.J.  and

Wise, J. concur

                                              s/ William B. Hoffman
                                              HON. WILLIAM B. HOFFMAN

                                              s/ W. Scott Gwin
                                              HON. W. SCOTT GWIN

                                              s/ John W. Wise
                                              HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


CITIMORTGAGE, INC. SUCCESSOR BY      :
MERGER TO ABN AMRO MORTGAGE          :
 GROUP, INC.                         :
                                     :
        Plaintiff-Appellee           :
                                     :
-vs-                                 :              JUDGMENT ENTRY
                                     :
KEVIN E. KINNEY, ET AL.              :
                                     :
        Defendant-Appellants         :              Case No. CT2011-0065


        For the reasons stated in our accompanying Opinion, the judgment of the

Muskingum County Court of Common Pleas is reversed, and the matter is remanded to

that court for further proceedings in accordance with the law and our Opinion. Costs to

Appellee.


                                   s/ William B. Hoffman _____
                                   HON. WILLIAM B. HOFFMAN


                                   s/ W. Scott Gwin _____
                                   HON. W. SCOTT GWIN


                                   s/ John W. Wise _____
                                   HON. JOHN W. WISE