[Cite as *Wells Fargo Bank, N.A. v. Heimbaugh*, 2014-Ohio-4637.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

Wells Fargo Bank, N.A.                                Court of Appeals No. S-13-019

       Appellee                                          Trial Court No. 12CV200

v.

Richard A. Heimbaugh, Jr., et al.          **DECISION AND JUDGMENT**

       Appellants                                     Decided:  October 17, 2014

* * * * *

Scott A. King and Jessica E. Salisbury-Copper, for appellee.

Daniel L. McGookey and Kathryn M. Eyster, for appellants.

* * * * *

**PIETRYKOWSKI, J.**

## I.  Introduction

{¶ 1} Appellants, Richard Heimbaugh, Jr. and Roger Tea, Jr., appeal the judgment of the Sandusky County Court of Common Pleas, granting default judgment to appellee, Wells Fargo Bank, N.A.  We affirm.

## A. Facts and Procedural Background

{¶ 2} On February 17, 2006, appellants executed a promissory note, payable to appellee, in the amount of $104,176. Additionally, appellants executed a mortgage in favor of appellee against property located at 316 Sixth Street in Fremont, Ohio. The mortgage was subsequently recorded with the Sandusky County Recorder.

{¶ 3} As a result of appellants' failure to meet their obligations under the terms of the note and mortgage, appellee filed its complaint for foreclosure on February 21, 2012. In its complaint, appellee alleged that the note and mortgage were in default, with the note having an outstanding balance of $96,138.96, plus interest. Moreover, appellee stated that it satisfied all conditions precedent and declared the entire balance due and payable. Further, appellee alleged that it was "a person entitled to enforce the Note, pursuant to Section 1303.31 of the Ohio Revised Code, and the Mortgage was given to secure the Note." Notably, a copy of the note and mortgage were attached to the complaint.

{¶ 4} On March 27, 2012, appellants filed a motion with the trial court requesting the case be transferred to the court's foreclosure mediation program. That same day, appellants filed an additional motion seeking a 30-day extension of time to answer or otherwise plead. The trial court subsequently granted appellants' motions.

{¶ 5} A mediation session was held between the parties on June 28, 2012. Unfortunately, no agreement was reached at this meeting. Consequently, another meeting was scheduled for July 5, 2012. Once again, the parties were unable to come to

2.

an agreement. The parties were then ordered by the mediator to provide a status email within two weeks. The status email was received by the mediator on February 13, 2013. Because the parties failed to reach an agreement, no further mediation sessions were scheduled and the case was referred back to the trial court. Appellants did not file an answer during the course of the mediation proceedings, allegedly due to the fact that they "believed that their case was going to be resolved" via mediation.

{¶ 6} One week later, appellee filed its motion for default judgment, alleging that appellants had failed to plead or otherwise defend. A hearing on the motion was scheduled for March 22, 2013. Appellants were in attendance at the hearing on appellee's motion for default judgment.

{¶ 7} On April 15, 2013, prior to the trial court's ruling on the motion for default judgment, appellants filed a motion for leave to file an answer instanter. Appellants argued that they should be granted leave to file an answer because they "believed they had adequately protected their interests by attending hearings and mediations and did not realize more was needed until they received the Motion for Default Judgment and sought the advice of counsel." A proposed answer was filed along with the motion.

{¶ 8} On April 30, 2013, the trial court issued its decision on the outstanding motions. In its decision, the trial court noted appellants' failure to take any steps to reinstate their loan within 30 days of the hearing on appellee's motion for default judgment, as promised by appellants at the hearing. The court found that appellants made no communications to the court demonstrating any such efforts, opting instead to file a

3.

motion for leave to file an answer. With regard to appellee's motion for default judgment, the court found that appellants had made no showing of excusable neglect that would justify the denial of the motion. As a result, the trial court denied appellants' motion for leave to file an answer, and granted appellee's motion for default judgment.

{¶ 9} On May 20, 2013, appellants filed a motion for relief from judgment with the trial court under Civ.R. 60(B), arguing, inter alia, that appellee failed to comply with the face-to-face meeting requirement pursuant to 24 C.F.R. 203.604. Eight days later, appellants filed a notice of appeal from the trial court's grant of default judgment. At the parties' request, this court subsequently remanded this appeal to the trial court for disposition of the Civ.R. 60(B) motion.

{¶ 10} On July 31, 2013, the trial court issued its decision on appellants' Civ.R. 60(B) motion. In its decision, the trial court found that appellants could not establish excusable neglect under Civ.R. 60(B)(1). The court reasoned that "[f]or over a year [appellants] neglected to file a formal answer to the complaint, and never alleged an affirmative defense to this foreclosure action. Their participation in the mediation sessions, but failing to Answer, does not constitute excusable neglect." With regard to the face-to-face requirement, the trial court found that case law supported appellee's position that the mediation sessions constituted face-to-face meetings. Notwithstanding this fact, the court concluded that appellants' argument concerning the face-to-face meeting requirement amounted to an affirmative defense that was not raised in a timely responsive pleading. Finally, the court concluded that this case was not an "extraordinary

4.

or unusual case" giving rise to relief under Civ.R. 60(B)(5). Thus, the trial court denied appellants' Civ.R. 60(B) motion for relief from judgment.

{¶ 11} Five days later, appellants filed an amended notice of appeal with this court, seeking to include the trial court's decision on the Civ.R. 60(B) motion. However, because appellants failed to seek leave to amend their notice of appeal, we ordered the amended notice of appeal stricken from the record.

{¶ 12} Thereafter, on October 18, 2013, appellants moved this court for leave to amend their notice of appeal to include the trial court's ruling on the Civ.R. 60(B) motion. Appellee filed a memorandum in opposition to appellants' motion, arguing that the motion should be denied because it was filed more than 30 days after the trial court issued its decision on the Civ.R. 60(B) motion, and was therefore untimely.

{¶ 13} On November 27, 2013, we issued our decision denying appellants' motion for leave to file an amended notice of appeal. In our decision, we agreed with appellee that appellants' motion was untimely insofar as it was filed beyond the time limits of App.R. 4. Furthermore, we ordered appellants' brief stricken from the record because it referred to the trial court's denial of appellants' Civ.R. 60(B) motion, which we found was "not part of this appeal."

### B. Assignment of Error

{¶ 14} On appeal, appellants assign the following error for our review:

The trial court erred in granting default judgment to Plaintiff.

## II. Analysis

{¶ 15} In their sole assignment of error, appellants argue that the trial court erred in granting appellee's motion for default judgment.

{¶ 16} We review a trial court's decision granting a motion for default judgment for an abuse of discretion. *Tikaradze v. Kenwood Garden Apts.*, 6th Dist. Lucas No. L-11-1217, 2012-Ohio-3735, ¶ 6, citing *Huffer v. Cicero*, 107 Ohio App.3d 65, 74, 667 N.E.2d 1031 (4th Dist.1995). An abuse of discretion connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 17} Civ.R. 55 sets forth the standard applicable to requests for default judgment. Relevant to this appeal, Civ.R. 55(A) provides, in pertinent part:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * *. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation

6.

of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.

{¶ 18} Here, appellants argue that the trial court abused its discretion by granting appellee's motion for default judgment. In support, appellants advance several arguments that were set forth for the first time in appellants' Civ.R. 60(B) motion. First, appellants argue that the equities weigh in their favor in light of the efforts they made towards loan modification. Next, appellants contend that default judgment should not have been granted because appellee failed to satisfy all conditions precedent by not holding a face-to-face meeting with appellants prior to filing suit, as required under 24 C.F.R. 203.604. Finally, appellants argue that default judgment was inappropriate because appellee failed to establish that it was the holder of the note at the time the complaint was filed.

{¶ 19} We note at the outset that appellants' equitable argument was advanced for the first time as grounds for appellants' motion for relief from judgment under Civ.R. 60(B). As indicated above, appellants' amended notice of appeal seeking to add the trial court's denial of the Civ.R. 60(B) motion was previously ordered stricken. Thus, the equitable argument advanced by appellants is not before this court.

{¶ 20} As to appellants' argument that appellee failed to satisfy all conditions precedent prior to filing its complaint, Ohio courts are split on the issue of whether non-compliance with the face-to-face meeting requirement under 24 C.F.R. 203.604 is an

7.

affirmative defense that must be raised by the homeowner or a condition precedent that must be satisfied by the bank. *Compare Wells Fargo Bank, N.A. v. Goebel*, 2014-Ohio-472, 6 N.E.3d 1220, ¶ 20 (2d Dist.) (face-to-face meeting requirement is an affirmative defense) *with U.S. Bank, N.A. v. Detweiler*, 191 Ohio App.3d 464, 2010-Ohio-6408, 946 N.E.2d 777, ¶ 53 (5th Dist.) (face-to-face meeting requirement is a condition precedent that is subject to Civ.R. 9(C)). We need not reach this issue, however, because the complaint specifically alleges that all conditions precedent were satisfied. Given appellants' failure to file a responsive pleading denying such allegation, it is deemed admitted under Civ.R. 8(D). Alternatively, if the face-to-face meeting requirement were construed as an affirmative defense, appellants' argument would still fail since they failed to raise the defense. Thus, appellants' argument concerning the face-to-face meeting requirement is without merit.

{¶ 21} We now turn to appellants' contention that appellee failed to establish that it had standing to bring this action as the holder of the note. Relevant to this argument, appellee alleged in its complaint that it was "a person entitled to enforce the Note, pursuant to Section 1303.31 of the Ohio Revised Code, and the Mortgage was given to secure the Note." Additionally, appellee attached copies of the note and mortgage to the complaint. Appellee is named as the payee and mortgagee, respectively. Given appellants' admission of these facts under Civ.R. 8(D), we conclude that appellee has established its standing to bring this action. Therefore, appellants' final argument is without merit.

8.

**{¶ 22}** In light of the foregoing, we conclude that the trial court did not abuse its discretion in granting default judgment in appellee's favor.[1]

**{¶ 23}** Accordingly, appellants' sole assignment of error is not well-taken.

### III.  Conclusion

**{¶ 24}** For the foregoing reasons, the judgment of the Sandusky County Court of Common Pleas is affirmed.  Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.     _____
              JUDGE

Thomas J. Osowik, J.

             _____
Stephen A. Yarbrough, P.J.    JUDGE
CONCUR.

             _____
              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.

---

[1] Notably, appellants merely challenge the trial court's decision granting appellee's motion for default judgment; appellants do not argue that the trial court erred in denying their motion for leave to file an answer instanter.