[Cite as *Nationstar Mtge., L.L.C. v. Covert*, 2015-Ohio-3757.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 14 CA 00028 |
| JUSTIN A. COVERT, et al. | |
| Defendants-Appellants | O P I N I O N |

CHARACTER OF PROCEEDING:        Civil Appeal from the Court of Common
                                                        Pleas, Case No.  13 CV 00340

JUDGMENT:                                    Affirmed

DATE OF JUDGMENT ENTRY:        September 16, 2015

APPEARANCES:

For Plaintiff-Appellee                      For Defendants-Appellants

JOHN B. KOPF                               BRUCE M. BROYLES
TODD M. SEAMAN                         5815 Market Street
THOMPSON HINE LLP                    Suite 2
41 South High Street,Suite 1700       Boardman, Ohio  44512
Columbus, Ohio  43215

*Wise, J.*

**{¶1}** Appellants Justin A. Covert and Raquel Covert appeal the October 31, 2014, decision of the Perry County Court of Common Pleas granting judgment in favor of Appellee Nationstar Mortgage, LLC on its Complaint in Foreclosure.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** This appeal arises out of a foreclosure action.

**{¶3}** On September 10, 2009, Justin Covert executed a $161,889.00 promissory note (the "Note") in favor of New Penn Financial, LLC ("New Penn"). (T. at 10). To secure repayment of the Note, Justin and Raquel Covert executed a mortgage dated September 10, 2009 (the "Mortgage") against property located at 11864 State Route 204 NW, Thornville, Ohio 43076 (the "Property"), in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for New Penn and New Penn's successors and assigns. (T. at 12).

**{¶4}** New Penn specially indorsed the Note to Bank of America, N.A. ("Bank of America"). (T. at 11). Bank of America indorsed the Note in blank. (T. at 12).

**{¶5}** The Coverts defaulted by failing to make the required payments. (T. at 17).

**{¶6}** In April 2011, Bank of America offered the Coverts a temporary partial payment forbearance plan. (T. at 27). The Coverts remained in default, however, and were subsequently offered a partial forbearance plan. (T. at 27). After making three payments under that plan, the Coverts stopped making the required payments. (T. at 27).

**{¶7}** On October 7, 2011, MERS executed an Assignment of Mortgage in favor of Bank of America as the assignee (the "First Assignment"). (T. at 14).

**{¶8}** On June 20, 2012, Bank of America sent a letter to Mr. Covert to arrange a face-to-face meeting. (T. at 23). The letter notified Mr. Covert that a representative would meet Mr. Covert at his home to collect documents necessary for reviewing Mr. Covert's loan and assistance options. In addition, the letter provided a telephone number for Mr. Covert to call to schedule the meeting. *Id.* The letter also informed Mr. Covert that a representative would attempt to visit the property even if Mr. Covert did not schedule the meeting. *Id.*

**{¶9}** After Bank of America sent the letter to arrange a face-to-face meeting, a Bank of America representative visited the Property on three occasions to arrange a face-to-face meeting. (T. at 26). Repeated attempts to schedule a face-to-face meeting were also made by telephone. (T. at 26). However, these efforts were unsuccessful. *Id.*

**{¶10}** On December 12, 2012, Bank of America executed a Corporate Assignment of Mortgage in favor of Nationstar as the assignee (the "Second Assignment"). (T. at 14).

**{¶11}** The Second Assignment was recorded in the Perry County Recorder's Office on January 10, 2013, as Instrument No. 201300000140. *Id.*

**{¶12}** Upon obtaining the Coverts' loan, Nationstar evaluated the Coverts for a loan modification; however, the Coverts did not qualify. (T. at 45). Subsequently, on or about April 12, 2013, Nationstar offered the Coverts a trial plan under the Home Affordable Modification Program ("HAMP"), but the Coverts rejected it. (T. at 27-28, 51, 62).

**{¶13}** Before Nationstar accelerated the loan, the Coverts were reviewed for: a partial plan; a loan modification; a partial payment, possible forbearance plan; and possible reinstatement of the loan or a method to bring the loan current. (T. at 49-50). However, none of these options were successful. (T. at 50).

**{¶14}** On August 9, 2013, Nationstar sent the Coverts a letter notifying them of default and that the loan may be accelerated if they did not pay the full amount of the default by September 13, 2013. (T. at 17-19). The Coverts failed to cure the default. (T. at 17).

**{¶15}** On October 4, 2013, Nationstar filed its Complaint in Foreclosure seeking the balance due on the promissory note and to enforce a mortgage which secured its repayment. Nationstar attached a copy of the Note, indorsed in blank, to the Complaint. Nationstar also attached a copy of the Mortgage, the First Assignment, and the Second Assignment.

**{¶16}** On August 6, 2014, the parties tried the case to the bench. Nationstar presented Edward Hyne, a litigation resolution analyst for Nationstar, who testified on both direct and on cross-examination regarding his employment with Nationstar, his job title and responsibilities, Nationstar's processes and records, his examination and authentication of the Coverts' loan records and documents, and that those documents had come from Nationstar's business records as they were created and maintained in the ordinary course of business. (T. at 7-26). Mr. Hyne also testified that based upon his review of Nationstar's business records, he had personal knowledge of the Coverts' loan account. (T. at 10). Finally, Mr. Hyne testified that Nationstar did not have a servicing office within 200 miles of the Property. (T. at 22, 52).

{¶17} Nationstar moved to have its Trial Exhibits A through H admitted as evidence. (T. 28, 54). The Coverts objected to their admission on the basis that Mr. Hyne was allegedly not a qualified witness. (T. at 28, 54-55). The trial court overruled the Coverts' objection and admitted the Exhibits. (T. at 55). The trial court ordered the parties to provide findings of facts and conclusions of law.

{¶18} On August 20, 2014, both parties filed Proposed Findings of Fact and Conclusions of Law.

{¶19} On October 31, 2014, the Trial Court filed the Judgment Entry granting judgment in favor of Nationstar.

{¶20} Appellants filed an appeal and this matter is now before this Court for consideration. Assignments of Error are as follows:

## ASSIGNMENTS OF ERROR

{¶21} "I. THE TRIAL COURT ERRED IN ALLOWING THE BUSINESS RECORDS OF BANK OF AMERICA AND NATIONSTAR MORTGAGE, LLC TO BE AUTHENTICATED BY EDWARD HYNE AS HE WAS NOT A QUALIFIED WITNESS.

{¶22} "I. THE TRIAL COURT ERRED IN FINDING THAT NATIONSTAR HAD COMPLIED WITH ALL THE CONDITIONS PRECEDENT TO ACCELERATING THE DEBT.

{¶23} "III. THE TRIAL COURT ERRED IN FINDING THAT NATIONSTAR MORTGAGE, LLC WAS NOT REQUIRED TO COMPLY WITH THE FACE-TO-FACE MEETING REQUIREMENTS BASED UPON NATIONSTAR MORTGAGE, LLC DID NOT HAVE A SERVICING OFFICE WITHIN 200 MILES OF THE HOME OF JUSTIN AND RAQUEL COVERT."

**I.**

**{¶24}** In their First Assignment of Error, Appellants claim the trial court erred in allowing the business records to be authenticated by Edward Hyne at trial. We disagree.

**{¶25}** Evidence Rule 803(6) provides that records of regularly conducted business activity are admissible, as an exception to the rules of hearsay, if shown to be such "by the testimony of the custodian or other qualified witness."

**{¶26}** The question of who may lay a foundation for the admissibility of business records as a custodian or other qualified witness must be answered broadly. *Citimortgage v. Cathcart,* 5th Dist. Stark No. 2013CA00179, 2014–Ohio–620. It is not a requirement that the witness have firsthand knowledge of the transaction giving rise to the business record. *Id.* "Rather, it must be demonstrated that: the witness is sufficiently familiar with the operation of the business and with the circumstances of the record's preparation, maintenance and retrieval, that he can reasonably testify on the basis of this knowledge that the record is what it purports to be, and that it was made in the ordinary course of business consistent with the elements of Rule 803(6)." *Id.*

**{¶27}** In *Wachovia Bank v. Jackson,* 5th Dist. Stark No. 2010–CA–00291, 2011–Ohio–3202, this Court, citing *Lasalle Bank Nat'l. Assoc. v. Street,* 5th Dist. Licking No. 08CA60, 2009–Ohio–1855, noted:

**{¶28}** "Ohio courts have defined 'personal knowledge' as 'knowledge gained through firsthand observation or experience, as distinguished from a belief based upon what someone else has said.' *Zeedyk v. Agricultural Soc. of Defiance County,* Defiance App. No. 4–04–08, 2004–Ohio-6187, at paragraph 16, quoting *Bonacorsi v. Wheeling &*

*Lake Erie Railway Co.* (2002), 95 Ohio St.3d 314, 320, 767 N.E.2d; Black's Law Dictionary (7th Ed. Rev.1999) 875. 'Personal knowledge' has been defined as knowledge of factual truth which does not depend on outside information or hearsay." *Id See also Wells Fargo Bank, N.A. v. Dawson,* 5th Dist. Stark No. 2013CA00095, 2014– Ohio–269.

**{¶29}** From his position as litigation resolution analyst for Nationstar Mortgage LLC and his statements that he reviewed, examined and authenticated the documents as well as his knowledge as to Nationstar's processes and record keeping in the instant case, it may be reasonably inferred that Mr. Hyne had personal knowledge to qualify the documents as an exception to the hearsay rule as business documents. *See OneWest Bank, FSB v. Albert,* 5th Dist. Stark No. 2013CA00180, 2014–Ohio–2158; *Citimortgage, Inc. v. Cathcart,* 5th Dist. Stark No. 2013CA00179, 2014–Ohio–620.

**{¶30}** Based on the foregoing, Appellants' First Assignment of Error is overruled.

**II.**

**{¶31}** In their Second Assignment of Error, Appellants argue the trial court erred in finding that Nationstar had complied with all conditions precedent to accelerating the debt. We disagree.

**{¶32}** Appellants argue that Nationstar failed to comply with the loss mitigation process as required by the HUD regulations as set forth in 24 C.F.R. §203.605, prior to acceleration of the debt.

**{¶33}** The evaluation for loss mitigation is required by 24 C.F.R. 203.605(a), which provides:

Before four full monthly installments due on the mortgage have become unpaid, the mortgagee shall evaluate on a monthly basis all of the loss mitigation techniques provided at 203.501 to determine which is appropriate. Based upon such evaluations, the mortgagee shall take the appropriate loss mitigation action. * * *

**{¶34}** § 203.501 Loss mitigation, provides:

"Mortgagees must consider the comparative effects of their elective servicing actions, and must take those appropriate actions which can reasonably be expected to generate the smallest financial loss to the Department. Such actions include, but are not limited to, deeds in lieu of foreclosure under § 203.357, pre-foreclosure sales under § 203.370, partial claims under § 203.414, assumptions under § 203.512, special forbearance under §§ 203.471 and 203.614, and recasting of mortgages under § 203.616. HUD may prescribe conditions and requirements for the appropriate use of these loss mitigation actions, concerning such matters as owner-occupancy, extent of previous defaults, prior use of loss mitigation, and evaluation of the mortgagor's income, credit and property."

**{¶35}** Upon review, as set forth above, we find that Nationstar did comply with the HUD loss mitigation requirements. Appellants were reviewed for a partial claim, reviewed for a loan modification, reviewed for a partial payment, partial forbearance plan and reviewed for a possible reinstatement of the loan or similar plan to bring their loan current. (T. at 49-50).

**{¶36}** Based on the foregoing, we find the trial court did not err in finding that Nationstar had met the conditions precedent to foreclosure.

**{¶37}** Appellants' Second Assignment of Error is overruled.

**III.**

**{¶38}** In their Third Assignment of Error, Appellants argue that the trial court erred in finding that Nationstar was not required to comply with the HUD face-to-face meeting requirements. We disagree.

**{¶39}** Section 203.602, Title 24, C.F.R. 203 requires a "face-to-face" interview between a mortgagor and mortgagee before three full monthly installments on the mortgage are unpaid in certain loans insured by the U.S. Department of Housing and Urban Development. However, a face-to-face meeting is not required if: " * * * (2) the mortgaged property is not within 200 miles of the mortgagee, its servicer, or a branch office of either." Section 203.602, Title 24, C.F.R. 203. This Court has found that the face-to-face requirement is a condition precedent to initiating foreclosure proceedings. *U.S. Bank, N.A. v. Detweiler,* 191 Ohio App.3d 464, 2010–Ohio–6408, 946 N.E.2d 777 (5th Dist.).

**{¶40}** Upon review, we find that Nationstar's witness, Edward Hyne, testified on both direct and cross-examination that Nationstar did not have a servicing branch located within 200 miles of Appellants' property. (T. at 22, 37, 52). No evidence was presented in opposition.

**{¶41}** Further, the record before us reflects that Nationstar, despite not having a servicing branch within 200 miles, still made reasonable attempts to arrange a face-to-face meeting with the Coverts. Numerous attempts to arrange the meeting were made

by telephone, a representative of the bank visited the property on three separate occasions, and a letter was sent to the Coverts.

**{¶42}** Accordingly, Appellants' Third Assignment of Error is overruled.

**{¶43}** For the foregoing reasons, the judgment of the Court of Common Pleas of Perry County, Ohio is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Baldwin, J., concur.

JWW/d 0902