OPINION
{¶ 1} Appellant, James Kopelos, appeals from the May 30, 2003 judgment entry of the Niles Municipal Court, granting judgment in favor of appellee, Citifinancial, Inc., in the amount of $7,448 plus interest and costs.
 {¶ 2} On October 2, 2002, appellee filed a complaint against appellant and co-defendant, Valerie Warren, alleging that they failed to pay $9,420.48 on a promissory note. Appellant filed an answer to appellee's complaint and a crossclaim against co-defendant Warren on November 14, 2002.
 {¶ 3} On December 9, 2002, appellee filed a motion for summary judgment pursuant to Civ.R. 56(C). Appellant filed an affidavit and a memorandum in opposition to appellee's motion for summary judgment on January 6, 2003. Appellee filed a motion for default judgment against co-defendant Warren pursuant to Civ.R. 55(A) on January 6, 2003. On January 14, 2003, appellee filed a reply brief in further support of its motion for summary judgment.
 {¶ 4} A hearing on appellee's motion for default judgment was held on January 14, 2003. Pursuant to its January 15, 2003 judgment entry, the trial court rendered judgment against co-defendant Warren and in favor of appellee in the amount of $9,420.48 plus interest and costs.
 {¶ 5} On January 27, 2003, appellant filed a motion for leave to amend his answer and a motion for default judgment against co-defendant Warren, which were granted by the trial court on February 12, 2003. The trial court rendered judgment against co-defendant Warren and in favor of appellant in an amount equal to any sum, costs and interest to be due appellee from appellant.
 {¶ 6} Pursuant to its February 18, 2003 judgment entry, the trial court denied appellee's motion for summary judgment. On February 21, 2003, appellant filed an amended answer.
 {¶ 7} A bench trial commenced on May 29, 2003.
 {¶ 8} The facts pertinent to this appeal are as follows:[1] on October 3, 2001, appellant and co-defendant Warren executed a promissory note agreement ("agreement") with appellee. Appellant and co-defendant Warren financed $7,041.28 with a 24.99 annual percentage rate, which was secured by a 1993 Cadillac Seville. Appellant and co-defendant Warren failed to maintain payment according to the terms of the agreement.
 {¶ 9} At the bench trial, Felice Dennis ("Dennis"), a collections employee with appellee, testified on behalf of appellee. According to Dennis, she worked for appellee in a collection capacity for twenty-three years. Dennis stated that she did not recall anything out of the ordinary with respect to the execution of the documents in this case, nor did she cite anything unusual or suspicious about the behavior of appellant and defendant prior to the signing of the agreement. Dennis identified the documents presented at the time of the execution, including the notice to the cosignor and the actual agreement. Dennis testified with respect to the amounts due pursuant to the ledger account statement.
 {¶ 10} Dennis indicated that an error had occurred and that appellant and codefendant Warren had not been properly credited for the refund on their insurance proceeds from an accident pursuant to the agreement. Dennis testified that the amount should have been reduced from the original suit amount of $9,420.48 to a lower amount by approximately $1,000, which was paid by the tortfeasor's insurance company.
 {¶ 11} According to appellant, he has had a lengthy struggle with an addiction to alcohol. Appellant testified that he had experienced blackouts and memory losses due to his heavy drinking. Appellant stated that he met co-defendant Warren at a bar, and did not recall signing the agreement at appellee's office because he had an alcoholic episode. On cross-examination, appellant indicated that his thirty-three year job performance, in which he operated heavy machinery and supervised a staff of employees, was never affected by his addiction to alcohol. Appellant said that he had no medical proof to substantiate his claim that he was under the influence of alcohol when he signed the agreement.
 {¶ 12} Pursuant to its May 30, 2003 judgment entry, the trial court rendered judgment against appellant and in favor of appellee in the amount of $7,448, plus ten percent interest and costs.[2] It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error:
 {¶ 13} "The [t]rial [c]ourt erred in granting judgment in favor of [appellee] as against [appellant] doing so in the absence of [appellee] being able to establish an amount due on the subject loan to any reasonable certainty."
 {¶ 14} In his sole assignment of error, appellant argues that the trial court erred in granting judgment in favor of appellee, who failed to establish through its witness, Dennis, an exact amount due with any reasonable certainty. Also, appellant contends that the effects of his alcoholism robbed him of the capacity to enter into a valid agreement with appellee.
 {¶ 15} Gerijo, Inc. v. Fairfield (1994), 70 Ohio St.3d 223,226, states:
 {¶ 16} "* * * [J]udgments supported by competent, credible evidence going to all the material elements of the case must not be reversed, as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279 * * *, syllabus. We must indulge every reasonable presumption in favor of the lower court's judgment and finding of facts. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77
* * *. In the event the evidence is susceptible to more than one interpretation, we must construe it consistently with the lower court's judgment. See Ross v. Ross (1980), 64 Ohio St.2d 203
* * *." (Parallel citations omitted.)
 {¶ 17} With respect to the effectiveness of signatures, "R.C.1303.36(A) provides that when the effectiveness of a signature to an instrument becomes an issue in a case the burden of establishing it is on the party claiming under the signature. The signature is presumed genuine and authorized, but this presumption is rebuttable and may be overcome by evidence to the contrary. If the party denying the signature introduces sufficient evidence to overcome the rebuttable presumption, then the case is decided upon all of the evidence introduced at trial with the party claiming under the signature having the burden of establishing the effectiveness of the signature by a preponderance of the evidence as in other civil cases. R.C1303.36(A) requires that in order to rebut the presumption of the authenticity of a signature on an instrument the party denying the signature must introduce evidence to support his denial which if believed would be sufficient to permit, yet not require, the trier of fact to make a finding in his favor." Bates Springer,Inc. v. Stallworth (1978), 56 Ohio App.2d 223, paragraph five of the syllabus.
 {¶ 18} R.C. 1303.36(B) states in pertinent part that: "* * * [i]f the validity of signatures is admitted or proved and there is compliance with division (A) of this section, a plaintiff producing the instrument is entitled to payment * * * unless the defendant proves a defense * * *."
 {¶ 19} In the case at bar, appellee placed in evidence the agreement and the ledger account statement of money owed, which were further supplemented by Dennis's testimony. Again, Dennis, a collections employee with appellee, testified that she worked for appellee in a collection capacity for twenty-three years. Dennis stated that she was familiar with the transaction and was present when the agreement was executed. As such, Dennis's qualifications to testify here as a witness were more than sufficient. Dennis testified with respect to the amount due pursuant to the ledger account statement. Dennis indicated that an error had occurred and that an approximate credit of $1,000 from insurance proceeds had not been credited to the account. Thus, according to Dennis, the amount should have been reduced from the original suit amount of $9,420.48 to a lower amount by approximately $1,000.
 {¶ 20} In fact, the amount awarded by the trial court to appellee was almost $2,000 less than that originally sought. The trial court properly weighed the evidence and determined that the combination of the agreement, the ledger account statement, and Dennis's testimony were more than sufficient to establish an amount owed by appellant to a reasonable degree of certainty.
 {¶ 21} Also, in appellant's January 6, 2003 affidavit, he stated that he was intoxicated and mentally incompetent when he signed the agreement. However, at the May 29, 2003 bench trial, appellant testified that he had no proof to substantiate his claim that he was under the influence of alcohol when he signed the agreement. Pursuant to its September 16, 2003 conclusions of law, the trial court determined that appellant was competent to enter into the agreement. We agree. Based on Stallworth, supra, besides his own affidavit, appellant did not introduce any evidence to support his claim. In addition, according to Dennis, she did not cite anything unusual or suspicious regarding appellant's and co-defendant Warren's behavior prior to the signing of the agreement. Appellant failed to prove a defense under R.C. 1303.36(B).
 {¶ 22} Because the trial court's decision was supported by competent, credible evidence, there is no basis for this court to reverse.
 {¶ 23} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Niles Municipal Court is affirmed.
Christley, J., Rice, J., concur.
[1] Pursuant to App.R. 9(C), appellant submitted his statement of evidence and proceedings on August 21, 2003. On August 29, 2003, appellee submitted its statement of evidence and proceedings. On September 15, 2003, the trial court adopted the statement of evidence and proceedings submitted by appellee as accurately setting forth the substance of the case. Thus, appellee's App.R. 9(C) statement of evidence and proceedings will be applied here.
[2] In its September 16, 2003 conclusions of law, the trial court determined the following: (1) the parties entered into an agreement; (2) appellant was competent to enter into such an agreement; (3) appellant was entitled to a $1,000 credit for an insurance payment; and (4) an adjustment in interest resulting in the total owed to appellee by appellant in the amount of $7,448.