[Cite as *Wells Fargo Bank, N.A. v. Goebel*, 2014-Ohio-472.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

WELLS FARGO BANK, N.A.          :
                               :          Appellate Case No. 25745
      Plaintiff-Appellee          :
                               :          Trial Court Case No. 12-CV-5363
v.                             :
                               :
NICKLAS S. GOEBEL, et al.      :          (Civil Appeal from
                               :              Common Pleas Court)
      Defendants-Appellants      :
                               :

. . . . . . . . . .

O P I N I O N

Rendered on the 7th day of February, 2014.

. . . . . . . . . .

SCOTT A. KING, Atty. Reg. #0037582, and JESSICA E. SALISBURY, Atty. Reg. #0085038, Thompson Hine LLP, Austin Landing I, 10050 Innovation Drive, Suite 400, Miamisburg, Ohio 44122
      Attorney for Plaintiff-Appellee, Wells Fargo Bank, NA

MARC E. DANN, Atty. Reg. #0039425, GRACE M. DOBERDRUK, Atty. Reg. #0085547, DANIEL M. SOLAR, Atty. Reg. #0085632, and JIM M. DOUGLASS, Atty. Reg. #0022085, Dann, Doberdruk & Harshman, 4600 Prospect Avenue, Cleveland, Ohio 44103
      Attorneys for Defendant-Appellant, Nicklas S. Goebel and Ashley Powell

MATHIAS H. HECK, JR., by DOUGLAS TROUT, Atty. Reg. #0072027, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422

Attorney for Defendant-Appellee, Montgomery County Treasurer

. . . . . . . . . . . . .

HALL, J.,

{¶ 1}    Nicklas S. Goebel appeals from the trial court's entry of summary judgment against him on plaintiff-appellee Wells Fargo Bank's complaint for judgment on a note and foreclosure on a mortgage.

{¶ 2}    Goebel advances two assignments of error on appeal. First, he contends the trial court erred in entering a judgment entry and decree of foreclosure where Wells Fargo has not obtained a judgment against all parties with an interest in the subject property. Second, he claims the trial court erred in entering summary judgment against him where genuine issues of material fact exist for trial.

{¶ 3}    The record reflects that Goebel and co-defendant Ashley Powell borrowed money from Southern Ohio Mortgage, LLC, to purchase a home in Centerville, Ohio. Goebel and Powell executed a note in the amount of $147,283. To secure repayment, they executed a mortgage against the home. Southern Ohio Mortgage later endorsed the note in favor of Wells Fargo, which endorsed the note in blank. Southern Ohio Mortgage also assigned the mortgage to Wells Fargo. Thereafter, Goebel and Powell became delinquent on the note. Wells Fargo filed the present action against them in July 2012, seeking a judgment on the note and a decree of foreclosure. In January 2013, Wells Fargo moved for summary judgment against Goebel and Powell. Wells Fargo subsequently withdrew the motion with regard to Powell when a question arose as to whether the correct person had been served with the complaint. The trial court then granted Wells Fargo's summary judgment motion as to Goebel. It entered judgment against Goebel on the note and issued a decree foreclosing "the equity of redemption of any and all defendants and all persons claiming under and through them" and authorizing a sheriff's sale of

the home. The ruling contained Civ.R. 54(B) certification. (Doc. #50). This appeal by Goebel followed.

{¶ 4} In his first assignment of error, Goebel contends the trial court erred in entering a judgment entry and decree of foreclosure where Wells Fargo has not obtained a judgment against co-defendant Powell. Goebel reasons that "without obtaining judgment against all titleholders of the subject property and all parties to the subject note and mortgage, there cannot be a decree of foreclosure with provisions authorizing the sale of the subject property."

{¶ 5} We find Goebel's argument to be persuasive with respect to the decree of foreclosure. The note Goebel and Powell executed made them jointly and severally liable for the money they borrowed. (Doc. #38 at Exh. A). We see no reason why the trial court could not enter judgment separately against Goebel on the note. *See, e.g., Ohio Sav. Bank v. Virden*, 9th Dist. Summit No. 17885, 1997 WL 89222, *1 (Feb. 26, 1997) ("When a contract provides for joint and several liability, an obligee may proceed against one or more of the obligors."). The trial court erred, however, in issuing a decree foreclosing the equity of redemption of all persons claiming an interest in the subject property and authorizing a sheriff's sale.

{¶ 6} A person holding an interest in mortgaged property is a necessary party to a foreclosure action. *Western Mortgage & Realty Co. v. Bouquett*, 2d Dist. Montgomery No. 15441, 1996 WL 99775, *4 (March 8, 1996), citing *Hembree v. Mid-America Federal Savings & Loan Assn.*, 64 Ohio App.3d 144, 580 N.E.2d 1103 (2d Dist.1989), abrogated on other grounds, *Hausman v. Dayton*, 73 Ohio St.3d 671, 675, 653 N.E.2d 1190 (1995); *see also Nutter v. Phillips*, 2013-Ohio-184, 986 N.E.2d 579, ¶ 6-7 (2d Dist.) ("Necessary parties to a foreclosure

action include those with an interest in the equity to be foreclosed."). "'[I]n order to foreclose or cut off [a property] right * * * the party holding the right must be joined in the action.'" *UAP-Columbus JV326132 v. Young*, 10th Dist. Franklin No. 11AP-926, 2012-Ohio-2471, ¶ 19, quoting *Hembree* at 152.

{¶ 7} Here, of course, Powell was joined in the action. Although some confusion existed about proper service of process, she remains a defendant below and a renewed summary judgment motion is pending against her. Implicit in the requirement to join all persons with an interest in the property to a foreclosure action is a concomitant requirement to obtain a judgment that forecloses their right of redemption before authorizing a sheriff's sale. Here the trial court's judgment entry and decree of foreclosure extinguishes the equity of redemption held by "all defendants." But Wells Fargo has not yet properly obtained such relief against Powell, who has not yet had her day in court. The fact that Powell is a necessary party to this action demonstrates that she has a right to participate in the proceeding before the trial court can foreclose her equity of redemption and authorize a sheriff's sale of her home. Accordingly, we hold that the trial court erred in entering a decree of foreclosure against all defendants that authorized a sheriff's sale of the subject real estate. The first assignment of error is sustained.

{¶ 8} In his second assignment of error, Goebel claims summary judgment was improper because genuine issues of material fact exist for trial. Specifically, he argues that factual disputes exist regarding (1) Wells Fargo's standing to seek foreclosure and (2) Wells Fargo's compliance with the face-to-face interview requirement of 24 C.F.R. §203.604, which Goebel claims is a condition precedent to foreclosure.

{¶ 9} With regard to standing, Goebel advances several arguments. First, he challenges the sufficiency of a summary judgment affidavit by Wells Fargo vice president Amanda Weatherly. He contends she (1) failed to aver familiarity with the compiling and retrieval of loan-related records at issue and (2) failed adequately to establish default on the note and the amount owed. Second, Goebel contends a genuine issue of material fact exists as to Wells Fargo's entitlement to enforce the note and mortgage when it filed its complaint. Specifically, he challenges the validity of the assignment of the mortgage to Wells Fargo. He also claims Wells Fargo did not establish possession of the note when it filed its complaint. He points out that the note was endorsed from Southern Ohio Mortgage to Wells Fargo and then endorsed in blank by Wells Fargo. Goebel observes that both endorsements were made by the same person. He questions that person's authority to execute two endorsements. Finally, Goebel claims the existence of an endorsement in blank by Wells Fargo suggests negotiation of the note to another entity.

{¶ 10} We are unpersuaded that any of the foregoing arguments preclude summary judgment. We see no material defect in Weatherly's affidavit. She averred that her affidavit was based on her review of the pertinent loan documents and her personal knowledge of how they are "kept and maintained." (Doc. #38). Contrary to Goebel's argument, we are unconvinced that Weatherly had to use the words "complied and retrieved" as opposed to "kept and maintained." We also believe Weatherly adequately established Goebel's default on the note. She averred that he was in default and identified the amount due. Nothing more was required. "An affidavit stating the loan is in default is sufficient for purposes of Civ.R. 56 in the absence of evidence

controverting those averments." *Bank One, N.A. v. Swartz*, 9th Dist. Lorain No. 03CA008308, 2004-Ohio-1986, ¶ 14, citing *Yorkwood S. & L. Assn. v. Jacobs*, 2d Dist. Montgomery No. 11998, 1990 WL 107840 (July 31, 1990).

{¶ 11}  With regard to assignment of the note and mortgage, we see no impediment to Wells Fargo's standing. The note, which had been endorsed in blank, was in Wells Fargo's possession before it commenced the present action. Therefore, Wells Fargo was a holder of the note with a right to enforce it.  *See Bank of New York Mellon v. Baird*, 2d Dist. Clark No. 2012-CA-28, 2012-Ohio-4975, ¶ 17-18. We see no significance in the fact that the same person endorsed the note twice. Both signatures presumptively were genuine and authorized. *Citifinancial, Inc. v. Warren*, 11th Dist. Trumbull No. 2003-T-0090, 2004-Ohio-5326, ¶ 17, citing R.C. 1303.36(A). Although the same person endorsed the note from Southern Ohio Mortgage to Wells Fargo and then endorsed the note in blank for Wells Fargo, Goebel presented no evidence that either endorsement was not genuine or was unauthorized. We see no reason why a person cannot serve as an officer of two corporations. Finally, the fact that Wells Fargo holds a note it endorsed in blank is not indicative of anything meaningful. A party can endorse a negotiable instrument without transferring it. Doing so does not deprive a holder of authority to enforce it.

{¶ 12}  Even if we assume, arguendo, that there was some irregularity in the assignment of the mortgage, Wells Fargo indisputably held the note secured by the mortgage when it filed its complaint. That being so, Wells Fargo was not even required to have the mortgage formally assigned to it. Ohio courts have recognized that the mortgage automatically follows the note it

secures. *See*, *e.g.*, *Bank of New York Mellon v. Loudermilk*, 5th Dist. Fairfield No. 2012-CA-30, 2013-Ohio-2296, ¶ 43 (citing cases); *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 65 ("Even if the assignment of mortgage from Argent to Deutsche Bank was invalid, Deutsche Bank would still be entitled to enforce the mortgage because under Ohio law, the mortgage 'follows the note' it secures. * * * The physical transfer of the note endorsed in blank, which the mortgage secures, constitutes an equitable assignment of the mortgage, regardless of whether the mortgage is actually (or validly) assigned or delivered."); *U.S. Bank Natl. Assn. v. Gray*, 10th Dist. Franklin No. 12AP-953, 2013-Ohio-3340, ¶ 31-34 (recognizing that the transfer of a note automatically results in equitable assignment of a mortgage securing the note).

**{¶ 13}** Nothing in *Fed. Home Loan Mortg. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, is contrary to our analysis herein. In *Schwartzwald*, the plaintiff commenced a foreclosure action before obtaining an assignment of a promissory note and mortgage. Under these circumstances, the Ohio Supreme Court held that the plaintiff lacked standing to file a foreclosure action. The *Schwartzwald* court further held that the lack of standing could not be cured by the plaintiff obtaining an assignment after commencing the action. Unlike *Schwartzwald*, Wells Fargo obtained the promissory note and an actual or equitable assignment of the mortgage before filing its foreclosure action. Therefore, Wells Fargo had standing to file the present action.

**{¶ 14}** We turn next to Goebel's claim that Wells Fargo failed to comply with the face-to-face interview requirement of 24 C.F.R. §203.604. With some exceptions, this regulation

obligates a lender to attempt an in-person meeting with a borrower. Goebel argues that Wells Fargo was required to demonstrate compliance with the regulation, or the applicability of an exception, as a condition precedent to maintaining the present action. Because Wells Fargo's summary judgment motion and accompanying evidence failed to address the regulation, Goebel asserts that the bank failed to meet its burden. Therefore, he contends the trial court erred in finding Wells Fargo entitled to a decree of foreclosure.[1]

{¶ 15} In response, Wells Fargo asserts that non-compliance with 24 C.F.R. §203.604 is an affirmative defense on which Goebel bore the burden of proof. Wells Fargo claims Goebel's affidavit opposing summary judgment failed to demonstrate a genuine issue of material fact as to the bank's non-compliance with the regulation. Therefore, Wells Fargo argues that the trial court properly entered summary judgment in its favor and issued a decree of foreclosure.

{¶ 16} Controversy over whether the regulation at issue imposes a condition precedent on a lender or creates an affirmative defense for a borrower has been recognized often. Seldom, however, has an Ohio court actually and necessarily decided the issue. *See* Ohio Consumer Law, §29.11, *FHA-insured loans—Non-compliance as defense to foreclosure* ("In line with HUD's clear regulation, Ohio appellate courts have consistently held that lenders cannot obtain a foreclosure judgment without complying with FHA regulations; however, the appellate districts have employed different legal analyses to reach this conclusion. * * * Many courts have simply

---

[1] Although we already have found the decree of foreclosure improper based on Ashley Powell's unresolved right of redemption, we note that Wells Fargo currently has an identical summary judgment motion pending against her. If Wells Fargo obtains summary judgment against Powell, as it did against Goebel, the affirmative-defense -versus-condition-precedent issue with regard to 24 C.F.R. §203.604 likely will be before us once again. Therefore, judicial economy favors addressing the issue now.

not analyzed the distinction between defenses and conditions precedent in holding that non-complying lenders could not proceed with foreclosure.").

{¶ 17}  This court has addressed  24 C.F.R. §203.604 at least twice. Neither time did it explicitly resolve the condition-precedent-versus-affirmative-defense issue. In *Washington Mut. Bank v. Mahaffey*, 154 Ohio App.3d 44, 2003-Ohio-4422, 796 N.E.2d 39 (2d Dist.), this court stated that non-compliance with the face-to-face interview requirement was an "equitable defense" to a foreclosure action. In that case, however, the parties themselves both characterized it as such. *Id.* at ¶ 1-2, 11. Nowhere in *Mahaffey* did this court explicitly consider an argument that compliance with the regulation was a condition precedent to a foreclosure action. We did consider such an argument in *U.S. Bank Natl. Assn. v. Stanze*, 2d Dist. Montgomery No. 25554, 2013-Ohio-2474, ¶ 12. We found no need to resolve it, however, because the borrower had waived the issue by neither pleading non-compliance with a condition precedent with specificity as required by Civ.R. 9(C) nor raising non-compliance as an affirmative defense in its answer. *Id.* at ¶ 17-18; *see also BAC Home Loans Servicing, LP v. Taylor*, 2013-Ohio-355, 986 N.E.2d 1028, ¶ 17 (9th Dist.) ("Further, in the absence of any argument that the Taylors waived their right to argue noncompliance with HUD regulations, this Court need not consider whether the defense is properly treated as an affirmative defense or condition precedent for pleading purposes.").

{¶ 18}  Unlike *Mahaffey* and *Stanze*, the condition-precedent-versus-affirmative-defense issue is squarely before us. In its complaint, Wells Fargo generally alleged compliance with all conditions precedent. As required by Civ.R. 9(C), Goebel's answer specifically alleged non-compliance with the face-to-face interview requirement as a condition precedent to

foreclosure. (Doc. #13 at 4). The effect of this specific denial was to place the burden of proof on Wells Fargo to establish compliance with 24 C.F.R. §203.604 if the regulation constitutes a condition precedent to foreclosure. *LSF6 Mercury REO Investments Trust v. Locke*, 10th Dist. Franklin No. 11AP-757, 2012-Ohio-4499, ¶ 11 (recognizing that where "compliance with conditions precedent is put at issue, and where the plaintiff moves for summary judgment, it has the burden of establishing the absence of this question by reference to materials set forth in Civ.R. 56"); *HSBC Mortgage Servs., Inc. v. Edmon*, 6th Dist. Erie No. E-11-046, 2012-Ohio-4990, ¶ 37 ("In her affidavit, Vadney did not address the issue of whether HSBC satisfied the conditions precedent in Edmon's mortgage. Therefore, HSBC failed to meet its initial *Dresher* burden of pointing to portions of the record that show the absence of a genuine issue of material fact that the conditions precedent have been satisfied."). Wells Fargo admittedly did not address the issue of compliance with 24 C.F.R. §203.604 when it moved for summary judgment. Therefore, the trial court's issuance of a decree of foreclosure on summary judgment was improper if the regulation constitutes a condition precedent.

{¶ 19} On the other hand, if non-compliance with 24 C.F.R. §203.604 is an affirmative defense, then the trial court did not err. This is so because Goebel failed to create a genuine issue of material fact as to Wells Fargo's non-compliance with the regulation. In an affidavit opposing summary judgment, Goebel averred "[u]pon information and belief" that Wells Fargo had a branch office within 200 miles of his home.[2] (Doc. #43). He also averred that he "d[id] not recall" having a face-to-face meeting with anyone from Wells Fargo. (*Id*.). Averments made

---

[2] If there is no office within 200 miles of a borrower's residence, a lender need not attempt a face-to-face interview.

"upon information and belief" are not indicative of personal knowledge and are insufficient to create a genuine issue of material fact. *Insurance Co. of North America v. Mall Builders, Inc.*, 2d Dist. Montgomery No. 7756, 1982 WL 3840 (Oct. 28, 1982); *State ex rel. Anderson v. Obetz*, 10th Dist. Franklin No. 06AP-1030, 2008-Ohio-4064, ¶ 18. Similarly, an averment denying an ability to remember the occurrence of an event is insufficient to create a genuine issue of material fact as to whether the event occurred. *Discovery Bank v. Combs*, 4th Dist. Pickaway No. 11CA25, 2012-Ohio-3150, ¶ 20; *State ex rel. Mike v. Warden, Trumbull Correctional Inst.*, 11th Dist. Trumbull No. 2002-T-0153, 2003-Ohio-2237, ¶ 10-12.

{¶ 20} The critical issue, then, is whether 24 C.F.R. §203.604 creates a condition precedent or provides an affirmative defense. "Whereas an affirmative defense is separate from the merits of the plaintiff's cause of action and bars recovery even when the plaintiff has established a prima facie case, a condition precedent is directly tied to the merits of the plaintiff's cause of action, which is itself contingent upon satisfaction of the condition." *National City Mortg. Co. v. Richards*, 182 Ohio App.3d 534, 2009-Ohio-2556, 913 N.E.2d 1007, ¶ 20 (10th Dist.). Upon review, we believe 24 C.F.R. §203.604 creates an affirmative defense on which Goebel bore the burden of proof.[3] In resolving the issue, we find this court's prior opinion in

---

[3]A fair argument could be made that a violation of 24 C.F.R. §203.604 does not directly benefit Goebel at all and that the loan-servicing requirements contained in the Code of Federal Regulations enure to the benefit of the federal government, which insures the loans. The parties present this case to us to decide whether the "servicing defense" is an affirmative defense or condition precedent. Consequently we do not decide whether the regulations are at all applicable. It is clear that a borrower has no private cause of action for a violation of 24 C.F.R. §203.604 or other loan-servicing requirements. *See, e.g., Nat. Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 193 (6th Cir.1989) (noting that there is "no express or implied right of action in favor of the mortgagor * * * for violation of HUD mortgage servicing polices"); *Wells Fargo Home Mortg. v. Neal*, 398 Md. 705, 719, 922 A.2d 538, 546 (Md. App.2007) ("The overall purpose of the FHA mortgage insurance program is to encourage leading lenders, in exchange for a government guarantee of the loan, to extend mortgages to

*Mahaffey* instructive.

**{¶ 21}** This court held in *Mahaffey* that a genuine issue of material fact existed "concerning [the borrower's] *equitable defense* alleging the bank's failure to comply with [24 C.F.R. §203.604] * * * ." (Emphasis added). *Mahaffey* at ¶ 2 and ¶ 53. Admittedly, *Mahaffey* did not explicitly address the possibility that 24 C.F.R. §203.604 might create a condition precedent rather than an affirmative defense. Nevertheless, we believe *Mahaffey's* holding correctly identified non-compliance as an equitable "defense" to foreclosure. In discussing the regulation's face-to-face interview requirement, this court reasoned:

> * * * *[I]f a lender's failure either to have a face-to-face interview, or to make a reasonable effort to arrange the interview, within the first three months of default is deemed to preclude the lender from ever bringing a foreclosure action, the regulation would have too much force.* A commonsense construction of the regulation is that it requires, subject to the exceptions contained in division (c)(2),

those carrying higher credit risks. * * * Thus, the regulations do not control directly the relationship between the mortgagor and mortgagee and may not be invoked by the mortgagor as a sword in an offensive cause of action against the mortgagee."). On the other hand, many courts have held that a borrower may raise the loan-servicing requirements defensively, as a shield, when a non-compliant lender attempts to foreclose. *See* Ohio Consumer Law, §29.11, *FHA-insured loans—Non-compliance as defense to foreclosure* ("In line with HUD's clear regulation, Ohio appellate courts have consistently held that lenders cannot obtain a foreclosure judgment without complying with FHA regulations; however, the appellate districts have employed different legal analyses to reach this conclusion."); *see also GMAC Mortg. of Pennsylvania v. Gray*, 10th Dist. Franklin No. 91 AP-650, 1991 WL 268742, * 6-7 (Dec. 10, 1991) (citing *Bankers Life Co. v. Denton*, 120 Ill. App.3d 576, 458 N.E.2d 203 (Ill. App.1983), and recognizing that the remedies available to the federal government when a lender repeatedly violates the loan-servicing requirements are "useless" to an individual borrower facing foreclosure). One could question whether federal government remedies remain "useless" in light of recent litigation such as *United States v. Bank of America, N.A., et al*, Case No. 12—CV—0361 (D.D.C ., April 5, 2012) where five major banks, including the plaintiff in this case, agreed to pay $25 billion in addition to billions in direct principal reduction.

that a lender either have a face-to-face interview or make a reasonable effort to arrange the interview before bringing a foreclosure action, and that the mortgagee is urged, by the regulation, to have the interview, or to make a reasonable effort to arrange the interview, within the three-month default period. We find support for this construction in Section 203.606(a), which provides:

> "Before initiating foreclosure, the mortgagee must ensure that all servicing requirements of this subpart have been met. The mortgagee may not commence foreclosure for a monetary default unless at least three full monthly installments due under the mortgage are unpaid after application of any partial payments that may have been accepted but not yet applied to the mortgage account. * * *"

*Thus, the scheme of the regulation is that a lender may not commence foreclosure until at least three full monthly installments are due but unpaid, and the lender, before initiating foreclosure, must ensure that the servicing requirements have been met, including the face-to-face interview requirement. It would be inconsistent with Section 203.606(a) to allow a lender to commence foreclosure after three full months of default, without having complied with the face-to-face interview requirements of Section 203.604(b). Although it would not be inconsistent with 203.606(a) to construe Section 203.604(b) to forever bar a foreclosure action when the lender has failed to comply with the face-to-face*

*interview requirement during the first three months of default, we conclude that a*

*construction to that effect would be unduly harsh to lenders[.]*

(Emphasis added) *Mahaffey* at ¶ 22-24.

{¶ 22}   Construing 24 C.F.R. §203.604 as an equitable affirmative defense, rather than a condition precedent, is consistent with avoiding the "unduly harsh" scenario this court recognized in *Mahaffey*. In reaching this conclusion, we note that "actions in foreclosure arise in equity." *Wells Fargo Bank v. Young*, 2d Dist. Darke No. 2009 CA 12, 2011-Ohio-122, ¶ 40. Thus, Wells Fargo's lawsuit against Goebel itself is equitable in nature, at least insofar as it seeks to cut off his "equity of redemption." *Id.* at ¶ 29. In our view, it is not unreasonable to interpret 24 C.F.R. §203.604 as providing Goebel with a corresponding equitable defense based on the lack of a face-to-face interview.

{¶ 23}   We note too that "[w]hen a party raises an equitable defense, it is the responsibility of the court to weigh the equitable considerations[.]" *Gorsuch Homes, Inc. v. Wooten*, 73 Ohio App.3d 426, 436, 597 N.E.2d 554, 561 (2d Dist.1992); *see also Takis, LLC v. C.D. Morelock Properties, Inc.*, 180 Ohio App.3d 243, 2008-Ohio-6676,  905 N.E.2d 204, ¶ 18 (10th Dist.). Such equitable considerations certainly may preclude a  lender from foreclosing when the face-to-face meeting requirement of 24 C.F.R. §203.604 has not been satisfied. On the other hand, equitable considerations may not justify *forever* barring a foreclosure action when a lender has not complied with the face-to-face interview requirement, even though, as this court recognized in *Mahaffey*, it "would not be inconsistent with [24 C.F.R.] 203.606(a) to construe

Section 203.604(b)" in such a way.[4] *Mahaffey* at ¶ 24.

**{¶ 24}** In finding that a lender's non-compliance with 24 C.F.R. §203.604 is an affirmative defense to foreclosure, we also recognize "the law disfavors conditions precedent[.]" *Evans, Mechwart, Hambleton & Tilton, Inc. v. Triad Architects, Ltd.*, 196 Ohio App.3d 784, 2011-Ohio-4979, 965 N.E.2d 1007 , ¶ 15 (10th Dist.). Thus, courts will avoid construing a provision as a condition precedent unless the intent to create such a condition is obvious. *Rudd v. Online Resources, Inc.*, 2d Dist. Montgomery No. 17500, 1999 WL 397351, *7 (June 18, 1999). Here we see nothing in the Code of Federal Regulations or elsewhere evidencing a clear intent to make the face-to-face meeting requirement of 24 C.F.R. §203.604 a condition precedent to foreclosure.

---

[4] One problem with failing to satisfy the face-to-face interview requirement, or all of the numerous other loan-servicing obligations in subpart C of 24 C.F.R. Part 203, each of which, following Appellant's logic, would become a condition precedent (203.606(a) applies to "all servicing requirements of this subpart"), is that many of the regulations impose a deadline for a lender to act. Once a particular deadline has expired, the particular servicing requirement would forever prevent foreclosure. For example, 24 C.F.R. §203.604 obligates a lender to attempt a face-to-face interview with a borrower "before three full monthly installments due on the mortgage are unpaid." It is unclear how a lender *ever* could comply with this requirement *after* three monthly payments become due. Months later, when the borrower raises the servicing defense, the borrower is even further behind and the window of opportunity is closed. As this court recognized in *Mahaffey*, a strict reading of 24 C.F.R. §203.604 permanently could bar a foreclosure action where the face-to-face interview requirement is not timely satisfied. We agree with *Mahaffey* that such a result seems "unduly harsh" and inequitable.

**{¶ 25}** In relevant part, 24 C.F.R. §203.500 states: "It is the intent of the Department [of Housing and Urban Development] that no mortgagee shall commence foreclosure * * * until the requirements of this subpart have been followed."[5] Similarly, 24 C.F.R. §203.606(a) provides: "Before initiating foreclosure, the mortgagee must ensure that all servicing requirements of this subpart have been met."[6] This language has the force and effect of law because it has been codified in the Code of Federal Regulations. *CitiMortgage, Inc. v. Carpenter*, 2d Dist. Montgomery No. 24741, 2012-Ohio-1428, ¶ 21. Although 24 C.F.R. §203.500 and 24 C.F.R. §203.606 both evidence a clear intent for banks to comply with the face-to-face interview requirement before commencing foreclosure actions, neither regulation addresses whether compliance is a condition precedent to foreclosure or whether non-compliance is an affirmative defense. Therefore, we find no clear or obvious intent to create a condition precedent.

**{¶ 26}** Finally, we recognize that the Fifth District Court of Appeals has reached a conclusion contrary to ours. In one of few opinions actually deciding the condition-precedent-versus-affirmative-defense issue, the Stark County Court of Appeals in *U.S. Bank v. Detweiler*, 191 Ohio App.3d 464, 2010-Ohio-6408, 946 N.E.2d 777 (5th Dist.), rejected the appellee bank's argument that non-compliance with the face-to-face interview requirement was an affirmative defense rather than a condition precedent. In support, the *Detweiler* court reasoned:

---

[5] Both 24 C.F.R. §203.500 and 24 C.F.R. §203.604 are contained in Subpart C of Part 203.

[6] The face-to-face interview requirement of 24 C.F.R. §203.604 is one of the servicing requirements contained in Subpart C of Part 203.

It has been held that a term in a mortgage such as one requiring prior notice of a default or acceleration to the mortgagor is not an affirmative defense but rather a condition precedent. *LaSalle Bank v. Kelly*, Medina App. No. 09CA0067-M, 2010-Ohio-2668, 2010 WL 2347077, ¶ 13, citing *First Fin. Bank v. Doellman*, Butler App. No. CA2006-02-029, 2007-Ohio-222, 2007 WL 136746, ¶ 20. If a provision is a condition precedent, it is subject to the requirements of Civ.R. 9(C). Civ.R. 9(C) states, "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity."

We find that the mortgage loan in this case is federally insured and that by the terms in the note and mortgage it is subject to HUD regulations in the case of default or acceleration. The HUD regulations, incorporated within the terms of the default or acceleration provisions, include those requirements found in Sections 203.602 and 203.604, Title 24, C.F.R., as stated above. Those requirements, therefore, are conditions precedent.

*Id.* at ¶ 52-53.

{¶ 27} Having reviewed *Detweiler*, we are unpersuaded by its cursory examination of the issue before us. We therefore decline to follow the Fifth District's approach. For the reasons set forth above, we conclude that 24 C.F.R. §203.604 imposes no impediment to foreclosure by Wells Fargo. This is so because Goebel failed to create a genuine issue of material fact on his

affirmative defense regarding the bank's alleged non-compliance with the face-to-face interview requirement.

{¶ 28} The trial court's judgment is affirmed in part and reversed in part. The judgment is affirmed insofar as the trial court entered judgment against Goebel on the note and for foreclosure. The judgment is reversed insofar as the trial court foreclosed the equity of redemption of Defendant Ashley Powell and authorized a sheriff's sale. The cause is remanded for further proceedings.

. . . . . . . . . . . . .

DONOVAN and WELBAUM, JJ., concur.

Copies mailed to:

Scott A. King
Jessica E. Salisbury
Marc E. Dann
Daniel M. Solar
James M. Douglass
Grace M. Doberdruk
Mathias H. Heck
Douglas Trout
Hon. Timothy N. O'Connell