[Cite as *Huntington Natl. Bank v. Filippi*, 2015-Ohio-3096.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

THE HUNTINGTON NATIONAL BANK,

    PLAINTIFF-APPELLEE,

                                      CASE NO. 14-15-03

    v.

LORIE FILIPPI,

    DEFENDANT-APPELLANT,

    -and-                               O P I N I O N

TREASURER OF UNION COUNTY, ET AL.,

    DEFENDANTS-APPELLEES.

---

**Appeal from Union County Common Pleas Court**
**Trial Court No. 2013-CV-0073**

**Judgment Affirmed**

**Date of Decision:  August 3, 2015**

---

APPEARANCES:

    *Thomas M. Tyack* **for Appellant**

    *Darryl E. Gormley and Rachel M. Kuhn* **for Appellee**

**ROGERS, P.J.**

{¶1} Defendant-Appellant, Lorie Filippi ("Lorie"), appeals the judgment of the Court of Common Pleas of Union County, which granted Plaintiff-Appellee's, the Huntington National Bank's ("Huntington"), motion for summary judgment. On appeal, Lorie argues that the trial court erred: (1) in finding that the failure of Huntington to comply with federal regulations promulgated by the Department of Housing and Urban Development ("HUD") was an affirmative defense as opposed to a condition precedent; and (2) by granting Huntington's motion for summary judgment. For the reasons that follow, we affirm the trial court's judgment.

{¶2} On June 16, 2005, Lorie and Joseph Filippi ("Joseph") (collectively "the Filippis") executed a promissory note ("the Note") with Dominion Homes Financial Services ("Dominion Homes") for a loan in the amount of $237,200. The last page of the Note bears an endorsement from Dominion Homes to Huntington, reading "pay to the order of the Huntington National Bank without recourse." (Docket No. 1, Exhibit A, p. 2). The Note was secured by a mortgage ("Mortgage") encumbering property located at 614 Kentucky Circle, Marysville, Ohio ("Property").

{¶3} On March 15, 2013, Huntington filed a complaint for foreclosure. In its complaint, Huntington alleged that it was the holder of the Note; that it was the holder of the Mortgage; that the Filippis were in default of payment of the Note

and Mortgage securing the same; and, that a balance of $210,070.78, plus interest remained outstanding on the Note. Attached to the complaint was a copy of the Note, Mortgage, and a mortgage assignment. Huntington requested judgment against the Filippis for the outstanding balance on the Note, plus interest, and that the trial court order the sale of the Property.

{¶4} On March 28, 2013, Lorie filed her answer.[1] She generally denied the allegations in the complaint and also asserted two defenses. She first claimed that Huntington failed to state a claim upon which relief may be granted. Lorie then alleged that Huntington "failed to comply with the regulations pronounced by the Secretary of Housing and Urban Development as to actions which must be taken prior to initiating any foreclosure action. By reason thereof, this action may not proceed." (Docket No. 44, p. 2).

{¶5} Huntington filed a motion for summary judgment on January 6, 2014, arguing that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. In support of its motion for summary judgment, Huntington attached a copy of the Note, Mortgage, and mortgage assignment. In addition to the foregoing documents, Huntington filed an affidavit of one of its employees, Michael Mantilla. In his affidavit, Mantilla, a litigation specialist, attested that Huntington holds the Note, that the copies of the Note and Mortgage

---

[1] We note that only Lorie filed an answer. At some point in between the execution of the Note and the foreclosure, Lorie and Joseph divorced. As part of the divorce settlement, Lorie received the Property, which was their marital home. Joseph never filed an answer and default judgment was later entered against him.

are true and accurate copies of the original instruments, and that the Filippis are in default and owe a principal sum of $210,070.78 plus interest.

{¶6} On April 24, 2014, Lorie filed a memorandum in opposition to Huntington's motion for summary judgment. Lorie argued that the trial court should deny Huntington's motion as it failed to comply with HUD regulations. Specifically, Lorie alleged that Huntington was obligated to have a "face to face meeting [with Lorie] before filing for foreclosure." (Docket No. 94, p. 2). Lorie further asserted that Huntington never met with her before it filed its complaint. In support of her memorandum, Lorie attached her affidavit where she attested that at no time was she provided with a face to face meeting with Huntington before the filing of the foreclosure complaint. (Docket No. 95).

{¶7} On May 21, 2014, Huntington filed a reply to Lorie's memorandum in opposition. Huntington argued that Lorie failed to plead with specificity or particularity the denial of a condition precedent or affirmative defense as required by Civ.R. 9(C). By failing to plead the condition precedent with specificity and particularity, Huntington argued that it was deemed admitted.

{¶8} Huntington filed a request for ruling on October 17, 2014. The trial court filed its judgment entry granting summary judgment in favor of Huntington on December 31, 2014.

{¶9} It is from this judgment that Lorie appeals, presenting the following assignments of error for our review.

-4-

*Assignment of Error No. I*

**THE TRIAL COURT ERRED IN RULING THAT THE FAILURE OF THE FINANCIAL INSTITUTION TO COMPLY WITH HUD REGULATION FOUND IN C.F.R. § 203.64 WAS [AN] AFFIRMATIVE DEFENSE AS OPPOSED TO A CONDITION PRECEDENT TO MAINTAINING A FORECLOSURE ACTION.**

*Assignment of Error No. II*

**THE TRIAL COURT ERRED GRANTING [SIC] SUMMARY JUDGMENT TO PLAINTIFF, WHEN DEFENDANT ESTABLISHED EVIDENCE, [SIC] PLAINTIFF FAILED TO COMPLY WITH THE HUD REGULATION AS TO GRANTING FACE-TO-FACE MEETING WITH HER AS AN OBLIGOR ON THE NOTE AS MANDATED BY THE HUD REGULATIONS.**

*Assignment of Error No. I*

**{¶10}** In her first assignment of error, Lorie argues that the trial court erred in finding that HUD regulations are an affirmative defense rather than a condition precedent. We agree.

*Condition Precedent or Affirmative Defense*

**{¶11}** Both parties agree that Lorie's loan and mortgage were subject to HUD regulations. On appeal, Lorie argues that Huntington did not comply with 24 C.F.R. § 203.604, which states:

> (b) The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid. If default occurs in a repayment plan arranged other than during a personal interview, the mortgagee must have a face-to-face meeting with the mortgagor, or make a reasonable attempt to arrange

such a meeting within 30 days after such default and at least 30 days before foreclosure is commenced, or at least 30 days before assignment is requested if the mortgage is insured on Hawaiian home land pursuant to section 247 or Indian land pursuant to section 248 or if assignment is requested under § 203.350(d) for mortgages authorized by section 203(q) of the National Housing Act.

(c) A face-to-face meeting is not required if:

    (1) The mortgagor does not reside in the mortgaged property,

    (2) The mortgaged property is not within 200 miles of the mortgagee, its servicer, or a branch office of either,

    (3) The mortgagor has clearly indicated that he will not cooperate in the interview,

    (4) A repayment plan consistent with the mortgagor's circumstances is entered into to bring the mortgagor's account current thus making a meeting unnecessary, and payments thereunder are current, or

    (5) A reasonable effort to arrange a meeting is unsuccessful.

(d) A reasonable effort to arrange a face-to-face meeting with the mortgagor shall consist at a minimum of one letter sent to the mortgagor certified by the Postal Service as having been dispatched. Such a reasonable effort to arrange a face-to-face meeting shall also include at least one trip to see the mortgagor at the mortgaged property, unless the mortgaged property is more than 200 miles from the mortgagee, its servicer, or a branch office of either, or it is known that the mortgagor is not residing in the mortgaged property.

Lorie argues that the HUD regulations create a condition precedent, whereas Huntington contends that the failure to comply with the HUD regulations is an affirmative defense. Such a difference is important as "an affirmative defense is separate from the merits of the plaintiff's cause of action and bars recovery even

when the plaintiff has established a prima facie case, [while] a condition precedent is directly tied to the merits of the plaintiff's cause of action, which is itself contingent upon satisfaction of the condition." *Natl. City Mtge. Co. v. Richards*, 182 Ohio App.3d 534, 2009-Ohio-2556, ¶ 20 (10th Dist.). Affirmative defenses and condition precedents each carry a different burden for pleading and summary judgment purposes. *PNC Mtge. v. Garland*, 7th Dist. Mahoning No. 12 MA 222, 2014-Ohio-1173, ¶ 23.

{¶12} If compliance with the HUD regulations is a condition precedent, then "the bank must generally aver in its complaint that it has complied with all conditions precedent, the borrower then has a reciprocal burden to allege with specificity and particularity how the bank failed to comply." *Id.*, citing Civ.R. 9(C). Thus, in a motion for summary judgment, the bank has the burden to establish the absence of any material fact on the issue of whether it complied with a specific HUD regulation. *Garland* at ¶ 23, citing *Dresher v. Burt,* 75 Ohio St.3d 280, 294 (1996). "Alternatively, if compliance is deemed an affirmative defense, the bank has no pleading burden in its complaint; the borrower must generally allege non-compliance as an affirmative defense in its answer." *Garland* at ¶ 24. On summary judgment, the bank has no burden to discuss compliance with HUD regulations. Instead, the borrower has the burden of proving his or her affirmative defense in the brief in opposition to summary judgment. *Id.*, citing *Wells Fargo Bank, N.A., v. Goebel*, 2d Dist. Montgomery No. 25745, 2014-Ohio-472, ¶ 16.

{¶13} This is a matter of first impression for this district.[2] However, several other Ohio courts of appeals have recently decided this issue. The Fifth and Seventh Districts have expressly held that compliance with HUD regulations is a condition precedent, whereas the Second District has held that a bank's failure to comply with HUD regulations is an affirmative defense. *Compare Garland* at ¶ 27; *and U.S. Bank, N.A. v. Detweiler*, 191 Ohio App.3d 464, 2010-Ohio-6408, ¶ 54-57 (5th Dist.) *with Goebel* at ¶ 23-25.

{¶14} In *Goebel*, the Second District Court of Appeals found that noncompliance with HUD regulations is an affirmative defense, in part, because the law disfavors conditions precedent. *Id.* at ¶ 24. The court recognized that "courts will avoid construing a provision as a condition precedent unless the intent to create such a condition is obvious." *Id.*, citing *Rudd v. Online Resources, Inc.*, 2d Dist. Montgomery No. 17500, 1999 WL 397351, *7 (June 18, 1999). However, we find that there is a clear intent to make the face-to-face meeting requirement of 24 C.F.R. § 203.604 a condition precedent to foreclosure. Specifically, we find the following reasoning from the Seventh District Court of Appeals to be persuasive.

---

[2] Although rudimentary, we feel obligated to explain that the State of Ohio is divided into 12 judicial court of appeals districts. *See* Article IV, section 3, Ohio Constitution; R.C. 2501.01. In her brief, Appellant argued, multiple times, that this court should "re-examine the position it took in *Wells Fargo* [*Bank, N.A. v. Goebel*, 2d Dist. Montgomery No. 25745, 2014-Ohio-472]." (Appellant's Br., p. 8); *see also* (*id.* at p. 9). Appellant filed her appeal in the *Third District Court of Appeals*, not the Second District Court of Appeals. While opinions of our sister district courts may be persuasive, they are not binding on this court. We have no authority to re-examine or overrule an opinion issued by a different district, although we may certainly disagree with its legal reasoning and outcome.

> [T]he overall regulatory scheme enacted by HUD must be considered. Importantly, 24 C.F.R. 203.500 states: *"It is the intent of the Department [of Housing and Urban Development] that no mortgagee shall commence foreclosure * * * until the requirements of this subpart have been followed."* As to specific regulatory language pertinent to this appeal * * * 24 C.F.R. 203.604(b) * * * provides: "The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid. * * *." Subsection (c) goes on to provide several exceptions to the face-to-face meeting requirement. * * *
>
> These regulations evince HUD's clear intent that banks must comply with the face-to-face interview * * * before commencing foreclosure actions. In other words, a bank's foreclosure action is contingent upon satisfaction of these regulations and is therefore a condition precedent.

(Emphasis added.) *Garland*, 2014-Ohio-1173, ¶ 26-27.

**{¶15}** Also of importance, many Ohio courts have held that " '[w]here prior notice of default and/or acceleration is required by a provision in a note or mortgage instrument, the provision of notice is a condition precedent,' and subject to the requirements of Civ.R. 9(C)." *Richards*, 2009-Ohio-2556, ¶ 21, quoting *First Financial Bank v. Doellman*, 12th Dist. Butler No. CA2006-02-029, 2007-Ohio-222, ¶ 20; *see also Huntington Bank v. Popovec*, 7th Dist. Belmont No. 12 MA 119, 2013-Ohio-4363, ¶ 15. We find that compliance with the HUD regulations is analogous to compliance with the notice requirements in *Richards*, *Doellman*, and *Popovec*. *Accord Garland* at ¶ 28.

{¶16} For the aforementioned reasons, we find that compliance with HUD regulations is a condition precedent and is subject to the pleading requirements of Civ.R. 9(C).

{¶17} Accordingly, we sustain Lorie's first assignment of error.

*Assignment of Error No. II*

{¶18} In her second assignment of error, Lorie contends that the trial court erred in granting summary judgment in favor of Huntington. Lorie argues that there is a genuine issue of material fact as to whether Huntington complied with the applicable HUD regulations. Specifically, Lorie avers that she was never afforded a face-to-face meeting with Huntington before the foreclosure complaint was filed, and thus, the foreclosure cannot proceed. We disagree.

*Standard of Review*

{¶19} An appellate court reviews a summary judgment order de novo. *Hillyer v. State Farm Mut. Auto. Ins. Co.*, 131 Ohio App.3d 172, 175 (8th Dist.1999). Accordingly, a reviewing court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as the basis for its determination. *Diamond Wine & Spirits, Inc. v. Dayton Heidelberg Distrib. Co., Inc.*, 148 Ohio App.3d 596, 2002-Ohio-3932, ¶ 25 (3d Dist.), citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 222 (1994). Summary judgment is appropriate when, looking at the evidence as a whole: (1) there is no genuine issue as to any material fact, and (2)

the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In conducting this analysis the court must determine "that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, [the nonmoving] party being entitled to have the evidence or stipulation construed most strongly in the [nonmoving] party's favor." *Id.* If any doubts exist, the issue must be resolved in favor of the nonmoving party. *Murphy v. City of Reynoldsburg*, 65 Ohio St.3d 356, 358-359 (1992).

{¶20} The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact. *Dresher*, 75 Ohio St.3d at 292. In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument. *Id*. at 292. The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; he may not rest on the mere allegations or denials of his pleadings. *Id*.; Civ.R. 56(E).

*Waiver*

{¶21} Although we found that compliance with HUD regulations is a condition precedent, Huntington argues that Lorie has waived this argument by failing to plead it with particularity in her answer. Under Civ.R. 9(C), "In pleading the performance or occurrence of conditions precedent, it is sufficient to

aver generally that all conditions precedent have been performed or have occurred." However, "A denial of performance or occurrence shall be made *specifically and with particularity.*" (Emphasis added.) *Id.* If conditions precedent are not denied in the manner outlined by Civ.R. 9(C), then they are deemed admitted. *Garland*, 2014-Ohio-1173, ¶ 32.

**{¶22}** Here, Huntington's complaint generally alleged compliance with all conditions precedent. *See* (Docket No. 2, p. 4). This was sufficient under Civ.R. 9(C) to shift the burden to Lorie to show noncompliance with specific HUD regulations. In her answer, Lorie's allegations regarding noncompliance with HUD regulations were general in nature, and she failed to cite to any specific regulation:

### THIRD DEFENSE

> Defendant avers that Plaintiff has failed to comply with the regulations pronounced by the Secretary of Housing and Urban Development as to actions which must be taken prior to initiating any foreclosure action. By reason thereof, this action may not proceed.

(Docket No. 44, p. 2).

**{¶23}** We find that Lorie failed to state, with the specificity required by Civ.R. 9(C), which HUD regulations Huntington failed to comply with before it filed its foreclosure complaint. Similarly in *Garland*, in her answer, the defendant generally alleged that the bank "failed to comply with the regulations issued by the Secretary of Housing and Urban Development in order to require immediate

payment in full and plaintiff failed to comply with HUD regulations prior to the acceleration of the promissory note." 2014-Ohio-1173, ¶ 34. The court found that the defendant failed to "state with the specificity required by Civ.R. 9(C), precisely which HUD regulations PNC Mortgage failed to comply with before filing the instant foreclosure action." *Id.* at ¶ 35.

{¶24} "[T]he effect of the failure to deny conditions precedent in the manner provided by in Civ.R. 9(C) is that they are deemed admitted." *Wells Fargo Bank v. Ramsey*, 7th Dist. Mahoning No. 13 MA 138, 2015-Ohio-2107, ¶ 24, citing *Garland* at ¶ 32-35; Civ.R. 8(D). As a result, Lorie was barred from later contesting Huntington's alleged noncompliance in her brief in opposition to Huntington's motion for summary judgment, and now on appeal. Since Lorie waived the issue of noncompliance, the trial court did not err in granting summary judgment in favor of Huntington.

{¶25} Accordingly, we overrule Lorie's second assignment of error.

{¶26} In conclusion, we find that compliance with HUD regulations is a condition precedent to initiating a foreclosure action. In holding otherwise, the trial court erred. However, we find that the trial court correctly granted Huntington's motion for summary judgment since Lorie waived the argument by failing to comply with Civ.R. 9(C). Therefore, although the reasoning of the trial court was flawed, the outcome was correct, and we affirm the judgment of the trial court based upon different grounds. *See In re Estate of Dorothy Mason*, 3d Dist.

Hancock No. 5-04-01, 2004-Ohio-5644, ¶ 34; *see also State v. Rubes*, 11th Dist. Portage No. 2012-P-0009, 2012-Ohio-4100, ¶ 33 (reviewing courts affirm and reverse judgments, not reasons).

{¶27} Having found no error prejudicial to Lorie in the particulars assigned and argued, we affirm the trial court's decision.

*Judgment Affirmed*

**SHAW and WILLAMOWSKI, J.J., concur.**

**/hlo**